# Hambright's Appeal.

1. A devise by a husband to his wife, of $3000 of his estate, "for her full use during her lifetime," and at her death, if any left, "I desire it" to go to other parties, entitles the widow to receive the money without security or condition.

APPEAL by Cyrus Hambright, executor of the last will and testament of John Swartz, late of Franklin county, deceased, from the decree of the Orphans' Court of said county.

John Swartz made his last will, in June, 1849, in which he makes bequest to his wife, as follows: "My will is, that my beloved wife, Magdalena, is to have three thousand dollars out of the first moneys arising from the sales of my estates, after my just debts and funeral expenses are paid, for her full use during her lifetime, and at her death, if any left, I desire that the one-half go to my brother, Daniel Swartz' heirs, or his children, share and share alike, and the other half to go Samuel Etter's children, share and share alike."

Swartz died in September, 1851. After his decease, his widow presented her petition to the Orphans' Court, praying the court to decree the payment to her of the $3000. George Chambers, Esq., who appears as counsel for Daniel Swartz's heirs, filed an answer to the petition of the widow, in which he contended, that the widow was not entitled to the possession of the legacy, unless she could give security, in accordance with the Act of 1834, for the payment of the same, to those entitled in remainder at her death.

The court decreed the payment of the money to the widow, and the question here is, is she entitled to the legacy without giving security.

*Riley* and *Sharp*, for appellant, contended that, under the 49th section of the Act of 24th February, 1834, the widow was not entitled to the money, without giving security. *Rogers* v. *Rogers*, 7 Watts, 19; *Clevenstine's Appeal*, 3 Har. 495; *Fisher* v. *Herbell*, 7 W. & S. 63; *Flintham's Appeal*, 14 S. & R. 16; *Brinton's Estate*, 7 Watts, 203; *Lamed* v. *Bridge*, 17 Pick. 339; *Hess* v. *Hess*, 5 W. 191; *Morris* v. *Phaler*, 1 Id. 389; *Pennock's Estate*, 8 Har. 268.

[Hambright's Appeal.]

*Smith*, for Magdalena Swartz, appellee.—The testator had no children, and the widow would have been entitled to the half of the real estate, including the mansion house, and buildings appurtenant thereto, for the term of her life, and to $300 worth of property, and the one-half of the personal estate, absolutely. By the bequest to Mrs. Swartz, her husband intended to give her so much as would be a fair equivalent for this legal provision. But if the construction of the appellants prevail, this intention is frustrated.

There is no absolute bequest over to the heirs of Swartz and Etter. It is only a *desire*, not amounting to an imperative bequest, and there are, therefore, no persons in remainder, whose interests are to be secured by the security required by the act. *Pennock's Estate*, 8 Har. 268. Mrs. Swartz had a discretion given her to apply the subject of the legacy to her own use; and there is no bequest over, which is imperative. Ibid. 277. But it is only a *desire*, or recommendation, and does not create a trust. *Straub's Appeal*, 1 Barr, 86.

The opinion of the court was delivered August 14, 1855, by

Black, J.—The sole question here is, whether the appellee is entitled to take the legacy of $3000, given her by her husband, without the security required by section 49, of the Act of 24th February, 1834; and this depends on whether any other person has an interest in remainder. It is given to her for her *full* use. Nothing is said about the principal being invested, and she is in no way confined to the interest or profits. On the contrary, she is to *have* the money. But the testator added, that she should have it for her life. In any natural sense, she could not have it longer. After her death, if it remained unused, it would necessarily go to somebody else. This possible, (perhaps probable,) contingency, was provided for in the will, by the expression of a *desire*, that "at her death, if any left," it should go to the children of two persons named. Assuming that this desire means not merely an injunction upon her, but a limitation over of the balance which may remain unexpended at the time of her death, it does not amount to the slightest restriction upon her use of it. If she consumes it all, they get nothing. What sort of a bond shall she give? What shall be its penalty and conditions? Any bond that could be devised, would limit her discretion, in a way never intended by her husband. He permitted her to decide for herself how much she should spend. If we put her under an obligation to consume none, or only a part, we take away her clear right. He gave to those in remainder nothing, in case she left nothing. If we secure them any particular sum, we award to them what they have no title for. It is argued, that she ought to give bond to

VOL. II.—21

use it providently, and to leave at her death, all that she does not need during her life. I repeat, that she alone is to be the judge of her wants. The testator gave her the *full* use of the money. He trusted her, and we must do the same.

Decree affirmed.