## Lininger's Appeal.

101  161
151  52

101  161
e 23 SC  134

A testator by his will gave to his widow the use and occupancy of his real estate during her life, and further directed that she should take possession of all his personal property, convert the same into cash, and, in case the proceeds of the real estate should not be sufficient to support her, that she should be at liberty to take as much of the personal fund as she might see proper for that or any other purpose. After his widow's death testator directed his real estate and whatever personal estate should remain in her hands to be divided among his four children. Testator further appointed his two sons as his executors "with the understanding however, that they were not to enter upon their duties as executors until after the death of testator's wife." *Held*, that the postponement of the period when the duties of the executors were to begin was a valid provision in the will. *Held*, further, it not appearing that there were any creditors of the estate, that the children of the deceased were not entitled to a decree directing the executors to take out letters testamentary prior to the death of testator's widow.

June 1st 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Orphans' Court of *Franklin county :* Of May Term 1882, No. 63.

This was an appeal by Margaret Lininger, John Lininger and Samuel B. Lininger from a decree of said court ordering and directing that the two last-named appellants take out letters testamentary on the estate of one Samuel Lininger, deceased, within thirty days, or else letters of administration issue to the persons entitled by law.

The facts of the case were substantially as follows: Samuel Lininger died April 11th 1880, leaving him surviving a widow, Margaret, and four children, viz., John, Samuel B., Susan, and Lydia. By his will the said Lininger provided as follows:

"I order and direct that my debts and funeral expenses be paid immediately after my death.

"I will and direct that my wife, Margaret Lininger, shall have the use and occupancy of all my real estate during her natural life, to be held and enjoyed by her as her own.

"Next, I will and direct that after my death she shall take possession of all my personal property and bonds, notes, accounts, and other evidences of indebtedness, and hold or convert the same into cash, as she may see proper ; and if the proceeds of my real estate be not sufficient to support her, she is at liberty to take as much of the personal fund or money as she may see proper for that or any other purpose.

"After the death of my said wife, and the payment of her debts and funeral expenses, I direct my estate to be settled up.

"First : I direct that my real estate be sold and my executors hereinafter named be empowered to make and deliver deed

or deeds for the same as fully as I could if living, to the purchaser or purchasers.

". The proceeds of my said real estate and personal left in the hands of my said wife at the time of her decease I direct to be divided equally between my four children. If any of them be deceased their heirs shall take the share that their parent would have taken if living. Should any of them die before the death of their mother without issue, then the share due that one shall go to my other children.

" I name, constitute and appoint as executors of this my last will my two sons, John and Samuel B. Lininger, with the understanding, however, that they are not to enter upon their duties as executors until after the death of my said wife, Margaret Lininger. Dated 28th January 1880."

The will was duly admitted to probate, but no letters testamentary were issued thereon.

Subsequently Susan Etta, one of the daughters of the decedent, filed a petition with the register of wills, setting forth the foregoing facts, and alleging that it was the intention of the widow and of the testator's two sons to conceal the real condition of the estate from the petitioner and to deprive her of a portion of her share of the estate. The petition, therefore, prayed that a citation might issue to the executors named in the will to take out letters testamentary upon testator's estate.

A citation was issued accordingly, whereupon John and Samuel B. Lininger filed an answer denying the allegations of the petition, and alleging that they should not be called upon to perform their duties as executors until after the widow's death. The register of wills thereupon entered a decree directing the respondents to take out letters testamentary forthwith. From this decree John Lininger and Samuel B. Lininger appealed to the Orphans' Court. After argument the court, Rowe, P. J., affirmed the decree of the register, and ordered the appellants to take out letters testamentary within thirty days from date, or else that letters of administration issue to the persons entitled by law.

Subsequently Margaret Lininger, widow of testator, filed a petition praying that she might be made a party to the cause, and that the decree be rescinded. Said Margaret Lininger was thereupon admitted as a party and the decree rescinded. Subsequently, after further argument, a like decree was again entered. John Lininger, Samuel B. Lininger and Margaret Lininger thereupon took this appeal, assigning for error the decree of the court.

*Orr* and *Gillan* and *J. McD. Sharpe* for the appellants.—
The decree is clearly opposed to testator's will. He did not

desire his executors to act at all as such until after the widow's death. It can serve no purpose for them to take out letters until that time. The filing of an inventory and appraisement by them would be no protection to the legatees. The widow has the right to appropriate what part of the personalty she pleased, and has sole and exclusive possession of it.

*J. D. Ludwig* (with whom was *F. M. Kimmell*), for the appellees.—The distributees are entitled to have letters issued and an inventory and account filed for their protection.

Mr. Justice Mercur delivered the opinion of the court, October 4th 1882.

Two of these appellants were named as executors in the last will of Samuel Lininger. This decree orders them to take out letters testamentary within thirty days, or else letters of administration to issue to the parties entitled by law. This is assigned for error. The other appellant is the widow of the testator. The language of the will gives rise to the contention. After directing his debts and funeral expenses to be paid, and giving to his wife Margaret the use and occupancy of all his real estate during her life, he proceeds : " Next, I will and direct that after my death she shall take possession of all my personal property, and bonds, notes, accounts, and other evidences of indebtedness, and hold or convert the same into cash, as she may see proper.; and if the proceeds of my real estate be not sufficient to support her, she is at liberty to take as much of the personal fund or money as she may see proper for that or any other purpose." He proceeds to direct, after the death of his wife and the payment of her debts and funeral expenses, that his estate be settled, his real estate be sold, and the proceeds thereof, and of personal estate left in the hands of his wife at the time of her decease, be divided equally between his four children. He then names and appoints his two sons, John and Samuel B., executors of his will, " with the understanding, however, that they are not to enter upon their duties as executors until after the death of my said wife Margaret."

A will, says Blackstone, is " the legal declaration of a man's intention which he wills to be performed after his death." If a testator does not violate any principle of public policy, religion or morality, nor infringe on any statute, he may make such disposition of his property as he sees proper : Bainbridge's Appeal, 1 Out. 482.

In this will the testator makes his wife the principal object of his bounty. He gives to her during her life the exclusive use and occupancy of all his real estate, " to be held and enjoyed by her as her own." Also for like term the exclusive posses-

[Lininger's Appeal.]

sion of all his personal estate of every kind, with the right to convert and use the same for her support, or for any other purpose. To her is given the sole power and exclusive right to decide how much thereof she shall use and consume. No one can call her to an account for so doing. No one can interfere with her right of possession to every part thereof.

The testator appears to have been apprehensive that under some pretext the persons named as his executors might claim their duty required some action on their part in regard to the property during the life of his widow. To remove all doubt on that subject, and to relieve them from all duty and obligation in regard to the property, he substantially declares they shall not assume nor exercise any duties as executors during the life of his widow. On her death, and not till then, does he authorize them to execute his will.

Why, then, shall they now be compelled to take out letters? The widow is still living, and protests against it. No creditor asks it, and it does not appear there are any. Letters can now be of no practical value. An inventory and appraisement of property, all of which may be consumed by the widow at her pleasure, would be useless if made. But the testator has declared they shall not now be made. The statute requires an oath by the executors that they will make a true and perfect inventory of all the goods, chattels and credits of the deceased within thirty days after letters granted, and also a just account and settlement thereof in one year, or when thereunto legally required. These duties at this time are irreconcilable with the will. As executors they are not now entitled to any possession of the property. Whether they will ever be depends wholly on the action of the widow. They would not be chargeable with any property which they might now inventory. They cannot make any settlement within a year, nor at any time during the life of the widow. Until she dies, all their powers, duties and obligations as executors are in abeyance. The present granting of letters is not merely useless, but is an attempt to antagonize with the manifest intention of the testator and the whole spirit of the will. Its provisions are valid, and cannot thus be set at naught. No duties of theirs as executors can now be called into exercise for any cause shown. It follows, the Register was not authorized to order that letters be issued, and the court erred in confirming the same.

Decree reversed, at the costs of the appellees.