## Mercur's Estate.   Lane's Appeal.

*Will—Gift to widow—Residue.*

A gift to a widow of all testator's estate after payment of debts "for her sole use and benefit during the term of her natural life, to use, expend, sell and convey as she may desire and think proper" with a gift of the residue over upon her decease, vests in the widow an absolute power of disposition over testator's estate.

Argued March 16, 1892.   Appeal, No. 339, Jan. T., 1892, by W. E. Lane, administrator d. b. n. c. t. a. of James W. Mercur, deceased, from decree of O. C. Bradford Co., Feb. T., 1889, No. 63, dismissing petition for citation.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

The facts as they appeared before SITTSER, P. J., of the 44th judicial district, specially presiding, are stated in the opinion of the Supreme Court.

*Rodney A. Mercur,* for appellant, cited Com. v. Bryan, 8 S. & R. 128; Dickson's Est., 1 W. N. 534; Smith v. Black, 9 Pa. 308; Com. v. Strohecker, 9 Watts, 479; Carter v. Trueman, 7 Pa. 315; Stair v. York Nat. Bank, 55 Pa. 364; Bowman's Ap., 62 Pa. 166 ; Gilliland v. Bredin, 63 Pa. 395; Hamaker's Est., 5 Watts, 204; Witman's Est., 2 Woodward, 350; Hambest's Est., 4 W. N. 402; Disston's Est., 14 Phila. 311; Young's Est., 18 W. N. 95; Ake's Ap., 21 Pa. 322; Stephen's Est., 18 W. N. C. 286; Hoffman's Est., 2 Pearson, 491; Norris's Ap., 71 Pa. 106.

*Edward Overton*, for appellee, cited Jauretche v. Proctor, 48 Pa. 466; Paisley's Ap., 70 Pa. 153; Aston's Est., 5 Wh. 228; Siter's Case, 4 Rawle, 483; Lininger's Ap., 101 Pa. 161; Pennock's Est., 20 Pa. 268; Okeson's Ap., 2 Grant, 303; Church v. Disbrow, 52 Pa. 219; Follweiler's Ap., 102 Pa: 582; Jacoby's Est., 42 Leg. Int. 16; Sims v. Cox, 22 W. N. 80.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

This case was heard on the petition and answer thereto; and, in December, 1890, the citation prayed for was refused. Nearly three months thereafter, a replication was filed by leave of court, and an application, then made, for a rehearing, was denied. The only error assigned is the refusal of the court to award the citation.

Appellant elected to set the cause down for hearing on petition and answer. According to the settled practice in equity, the effect of this was substantially to admit the truth of all matters of fact properly averred in the answer.

In the petition, appellant avers that his testator, James W. Mercur, died in May, 1853; that his last will and testament was admitted to probate in August, 1862, and that letters testamentary thereon were granted in 1880, to Harriet A. Scott, who died testate in November, 1887, without having filed any inventory or account of said testator's estate; that the will of said Harriet A. Scott was not admitted to probate until March, 1889, when letters testamentary thereon were granted to the appellee, N. N. Betts; that more than eight years have elapsed since said letters were granted to said Harriet A. Scott and that she failed to file and exhibit a just account and settlement of her testator's estate in the register's office of said county as required by law.

After averring that he is interested in said estate, the petitioner prays that a citation may be awarded, directed to the said N. N. Betts, executor of Harriet A. Scott, commanding him to exhibit such account and settlement in the estate of her said testator as is required by the act of assembly in that behalf, and for further relief, etc.

The appellee, N. N. Betts, answering the petition, admits the statements contained therein, except that said petitioner is interested in said estate. He further says that the testator

above named, " by his last will, etc., (a copy of which is at-
tached and marked exhibit A.,)devised and bequeathed all his
real and personal estate of every kind and nature and whereso-
ever situated, after the payment of all his just debts, unto his
wife Harriet, (the said Harriet A. Scott,) for her sole use and
benefit during the term of her natural life—to use, expend,
sell and convey as she might desire and think proper; that
James W. Mercur died in 1853, and immediately after his
death the said Harriet A. Scott, by virtue of said will, took
possession of all said property and fully paid and discharged
all the debts of the said James W. Mercur, and all claims
against his estate, so that there are now no creditors there-
of; . . . . that all the personal property of the said James W.
Mercur, after the payment of his debts and funeral expenses,
was by the said Harriet A. Scott, as legatee, taken possession
of and by her in her lifetime used and expended; " and then
concludes, by averring his belief that " no part of the same
remained at the time of her death."

Accepting, as we must, the truth of the averments contained
in the answer, there appears to be nothing on which appellant
can ground his demand for a citation.   Subject to the payment
of all his just debts, the testator gave all his property to his
wife, " for her sole use and benefit during the term of her nat-
ural life, to use, expend, sell and convey as she may desire and
think proper ; and upon and immediately after her decease (or
my decease in case I should survive her) the residue I will
and bequeath as follows," etc.

The petitioner has no possible interest in any part of the
property thus bequeathed by the testator to his wife except
" the residue," if any, remaining at her decease; and it no-
where appears that there was any such unexpended residue.
On the contrary, it is distinctly averred that immediately after
his death, by virtue of the will, she took possession of all said
property, and fully paid and discharged all her husband's debts ;
that all the personal property remaining after payment of his
debts and funeral expenses was taken possession of by her,
" and by her in her lifetime used and expended," and, accord-
ing to appellant's expressed belief, " no part of the same re-
mained at the time of her death."   She had a right to so use
and expend it.   It was given to her for her sole use and bene-

fit, "to use, expend, sell and convey as she may desire and think proper."

It is scarcely necessary to cite authorities to show that under the provisions of testator's will, his widow had a right to use and expend all the personal estate remaining after payment of his debts and funeral expenses. In Lininger's Appeal, 101 Pa. 161, the court, referring to the provisions of the will under consideration in that case, say : "In this will the testator makes his wife the principal object of his bounty. He gives her during her life the exclusive use and occupancy of all his real estate, ' to be held and enjoyed by her as her own.' Also for like term the exclusive possession of all his personal estate of every kind, with the right to convert and use the same for her support, or for any other purpose. To her is given the sole power and exclusive right to decide how much thereof she shall use and consume. No one can call her to account for so doing. No one can interfere with her right of possession to every part thereof . . . . An inventory and appraisement of property, all of which may be consumed by the widow at her pleasure, would be useless if made."

The provisions of the same will were afterwards considered by this court in Lininger's Appeal, 110 Pa. 401, wherein it was held that the widow was sole judge of her own necessities and desires, and that an absolute power of disposition of testator's personal estate was vested in her.

Other authorities, bearing on the question, might be referred to, but we deem it unnecessary.

Decree affirmed and appeal dismissed with costs to be paid by appellant.