## Updegraff, Appellant, *v.* McCormick.

*Will—Devise—Description of land—Ejectment.* .

A devise of a " lot of land and buildings situate at the northwest corner " of two streets, naming them, cannot be enlarged so as to include three lots, the frontage of which began at the corner and extended along one of the streets, where it appears that there were buildings on the lot directly at the corner, and that a line fence kept up by the testator separated this lot from the second one, and that the entire property consisted of three borough lots, that these lots were purchased by testator at different times, and from different parties, and that they were each of the dimensions known to be the dimensions of the town lots of the borough.

Argued March 18, 1901.   Appeal, No. 57, Jan. T., 1901, by plaintiff, from judgment of C. P. Lycoming Co., Sept. T., 1899, No. 94, on trial by the court without a jury, in case of Annie E. Updegraff v. Henry C. McCormick and Jacob Weaver, Executors of William Weaver, Deceased.   Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ.   Affirmed.

Ejectment for lots of land in the borough of Montoursville.

The case was tried by Metzger, P. J., without a jury, under the act of April 22, 1874, who filed the following opinion:

This is in an action of ejectment brought by the plaintiff to recover a lot of land situate in the borough of Montoursville in the county of Lycoming and state of Pennsylvania, and bounded and described as follows, to wit: Beginning at the northwest corner of Main and Mills street, thence in a westerly course along the north side of Main street 156 feet and eight inches to line of land of A. S. Williams, thence in a northern direction along the eastern line of said Williams' lot 216 feet to an alley, thence in an eastern direction along the southern line of said alley about 194 feet to Mill street, thence in a southern direction along the western line of Mill street about 220 feet to Main street, the place of beginning.

The plaintiff is a grandchild of William Weaver, deceased, who died on or about March 14, 1894, having first made his last will and testament, which was duly probated after his death, and recorded in will book " G," volume No. 7, page 595, etc., by which he devised, inter alia, as follows:

" Fifth. I give and devise to Annie Updegraff, wife of William Updegraff, and daughter of my deceased son, Reuben M., the lot of land, and buildings, situate at the northwest corner of Main and Mill streets, in the borough of Montoursville afore said, to be hers absolutely and in fee simple."

It is by virture of the above recited provision in the last will of said William Weaver, deceased, that plaintiff claims title to the land in controversy. The contention of defendants is that said lot of land described in the writ of ejectment consists of three lots, each having a frontage on Main street of about fifty-two feet, and that the devise can only apply to the lot at the corner of Main and Mill streets, and that such application fully satisfies the terms of the devise.

On the other hand the plaintiff alleges that there being no interior line which intersects Main street, the terms of the devise can only be satisfied by including all within the exterior lines.

We are of the opinion that from the marks on the ground and the buildings on the premises there is some doubt on the subject to what the devise applies, and therefore we may resort to extrinsic evidence in order to determine the question.

We find upon the lot, containing fifty-two feet front on Main street and which is directly on the corner of Main and Mill

streets everything which would answer the description in the devise. We find a building used as a store immediately on the corner, and a dwelling house in the rear on the corner of Mill street and an alley, and a fence separating this lot from the other lots, running between it and them, to a woodshed and ice house, which are squarely on the line, and the fence, if run through in the same direction, will intersect Main street at the distance of fifty-two feet from the northwest corner of Main and Mill streets. This fence existed in the same locality before and ever since decedent purchased the property. We find from the evidence in this case that this line fence was maintained by the decedent in his lifetime, having been repeatedly repaired and at least once reconstructed. We also find that at the time decedent purchased the lot at the corner, this fence extended to and intersected Main street at a point fifty-two feet distant from the corner, and was taken down for a short distance north of Main street merely for more conveniently getting to his store. We also find that the entire lot described in the writ is composed of three borough lots, each containing fifty-two feet front, and that these lots were purchased by decedent at different times and from different parties and that they are each of the dimensions known to be the dimensions of the town lots of the said borough of Montoursville. They appear on the plot of the borough as lots Nos. 9, 10 and 11—the one on the corner of Main and Mill streets being lot No. 9. We are therefore of the opinion and so find, that the lot of land devised to the plaintiff by the last will and testament of William Weaver, deceased, and described in said will as the lot of land on the northwest corner of Main and Mill streets, vested in her on the death of testator lot No. 9 of the Charles Lloyd addition to the borough of Montoursville, having a frontage of fifty-two feet on Main street and a depth of 208 feet more or less to an alley, and a width on said alley of about eighty-nine feet, said lot being bounded on the east by Mill street, and that such devise was limited to the lot last described.

This being so, and it appearing that prior to the institution of this action the plaintiff and her husband conveyed this property to Harry S. Weaver, who was in possession thereof at the

time and prior to the bringing of this action, the plaintiff cannot recover.

*Error assigned* was in entering judgment for defendant.

*J. F. Strieby*, for appellant.

*Henry C. McCormick* and *Seth T. McCormick*, for appellees, were not heard.

PER CURIAM, May 27, 1901:

While the findings of fact and the conclusions of law were assailed by the plaintiff there was nothing in the testimony or in the cases cited which in any degree qualified either of them. It is a fair and just inference from the testimony and the law applicable to it that the conclusion arrived at by the learned court below harmonizes with the devise to Annie E. Updegraff of lot No. 9. It was the "lot of land and buildings situate at the Northwest corner of Main and Mill streets," that was devised, and not the other lots of land which the testator purchased long after he acquired lot No. 9. They formed no part of that lot, but were distinct from it, each having a frontage on Main street of fifty-two feet and a depth of 208 feet. There were three lots of land on the plan or plot in the borough which belonged to the testator, and "the lot of land and buildings situate" as aforesaid was the corner lot which was devised to Annie E. Updegraff. The testator died on or about March 14, 1894, and shortly after the executors delivered possession to the devisee of lot No. 9. This lot was sold by her in May, 1899, to Henry S. Weaver, who entered into possession before the institution of this suit. The suit was tried by the late Judge METZGER, whose clear and concise opinion affords a complete answer to the devisee's unreasonable and unjust claim.

Judgment affirmed.