## Zimmerman's Estate.

*Wills—Gift to widow—Remainder.*

Testator gave to his widow all the remainder of his estate " both real and personal, after payment of debts, expenses and specific legacies, to use, occupy and possess as I have done, and am now doing, during her natural life." He further directed as follows : " I direct that at the death of my widow, all of my estate real and personal which I have bequeathed to my wife for her use, benefit and profits during her natural life, except what is necessary for her burial and tombstone, be equally divided share and share alike between the following six persons." *Held*· that testator did not intend to give his widow a right to consume the principal, and that the remainder-man had a right to demand that the widow should file an account of the estate.

Even where there is expressly coupled with a gift to a widow power to consume, sell and dispose of, the general rule that an absolute and unrestricted title is conferred, is not a rule of law, but a rule of construction in aid of reaching the intent of the testator, and where a different intention is clear, the rule cannot be applied to defeat it.

Argued April 20, 1903. Appeal, No. 69, April T., 1903, by Henry J. Zimmerman et al., from decree of O. C. Greene Co., Jan. T., 1901, No. 38, overruling exceptions to auditor's report in estate of John J. Zimmerman, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exceptions to report of Allen F. Dickey, Esq., auditor. The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*M. R. Travis*, of *Cumpston & Travis*, with him *Frank W. Downey*, for appellants.—Where there are two clauses in a will which are so inconsistent with each other that it is impossible to give effect to both, the first must give way to the last, because the latest manifestation of the will of the testator is to control: Stickle's App., 29 Pa. 234 ; Roberjot v. Mazurie, 14 S. & R. 42 ; Bellas's Est., 176 Pa. 122 ; Krebs's Est., 184 Pa. 222 ; Sheets's Est., 52 Pa. 257 ; Kane's Est., 185 Pa. 544.

We think that in the case at bar, there is, without question, a limitation over on the death of the widow : Piper's Est., 2 W. N. C. 711; Eichelberger's Est., 135 Pa. 160; Cooper v. Pogue, 92 Pa. 254; Underwood's App., 85 Pa. 227; Tyson's Est., 191 Pa. 218; Yetzer v. Brisse, 190 Pa. 346.

In the case at bar, no right is given the widow to consume the corpus of the estate or any part of the same, but at her death the entire estate less the cost of her burial and tombstone is given to the six residuary legatees.

*D. S. Walton*, of *Buchanan & Walton*, for appellee.—The widow was entitled to the property as legatee : Howe's App., 126 Pa. 233; Krebs's Est., 184 Pa. 222; Markley's Est., 132 Pa. 352; Gold's Est., 133 Pa. 495.

OPINION BY RICE, P. J., May 22, 1903 :

By his will probated in 1887, John Zimmerman appointed Nancy Zimmerman, his wife, executrix and James R. Zimmerman, executor. The latter renounced and letters testamentary were issued to Nancy Zimmerman alone. In 1900, upon the petition of Henry J. Zimmerman, one of the legatees, she was cited to file an account or show cause why she should not do so. Thereupon, without raising any question as to her duty to do so, the executrix filed an account, to which exceptions were filed by Henry J. Zimmerman, this appellant, alleging failure to charge herself with numerous items of personal property and disputing many items of credit claimed by her. Pursuant to an agreement of counsel for exceptant and accountant the court appointed an auditor " to take testimony, pass upon the exceptions filed to the above styled account and make report to the court." The auditor reported that many of these exceptions were sustained by the evidence, and that the money on hand and in bank at testator's death ($420), the money at interest represented by notes and judgments held by him ($3,940), together with the money received by the executrix from the sale by her of horses, cows and oats ($513), amounted in the aggregate to the sum $4,873, whereas she had charged herself in the account with only $2,345, and that the credits to which she was entitled amounted to $686.23 instead of $943.95 as claimed in her account. Notwithstanding these findings the auditor reported that the exceptions should be dismissed for reasons

based upon his construction of the will, which we shall presently consider. Exceptions were filed to his report by the accountant and this appellant, all of which were overruled by the court and the report confirmed for substantially the same reasons; from which decree the present appeal was taken.

The question is as to the duty of the executrix to exhibit an account of the assets of the estate that came into her hands. An appropriate place to raise that question would have been in an answer to the citation, but we are of opinion that her failure to raise it in that way did not preclude her from raising it in objection to the attempt to surcharge her account. It must necessarily be decided by us before we can reverse the decree. Therefore, the question whether the auditor was authorized under the terms of his appointment to report whether an account was demandable is now unimportant. The court by adopting his conclusions made them its own and as such they may be referred to by us in the discussion.

The auditor held that Nancy Zimmerman by accepting under the will of John Zimmerman, took the property bequeathed to her as a legatee and not as executrix; that her bequest included all the personal property of testator that remained after payment of his debts, expenses and specific legacies; that she took it with the right to use and consume so much of it as may be necessary for her comfort and support and that she cannot be required to file an inventory or render an account of it. "She took and holds the property," says the auditor, "not as executrix and trustee, but as legatee, with a right to use and consume it unhindered by any one, and as a reasonable consequence of that right, is not bound to itemize or ask credit for expenditures." We are unable to concur in these conclusions. The pertinent clauses of the will read as follows:

"Item. I give and bequeath to my beloved wife Nancy Zimmerman all of the remainder of my estate, both real and personal, after payment of debts, expenses and specific legacies, to use, occupy and possess as I have done and am now doing during her natural life, and at her death she is to be buried in a Christian-like manner and a tombstone erected at her grave of the same design, size, material and finish as the one directed to be erected at my grave. The expenses of her burial and the cost of her tombstone to be paid out of my estate."

" Item. I direct that at the death of my widow, Nancy Zimmerman, all of my estate, real and personal, which I have bequeathed to my wife for her use, benefit and profits during her natural life, except what is necessary for her burial and tombstone, be equally divided share and share alike, between the following six persons, viz: Henry J. Zimmerman, my son, his four children . . . . and Martha Renner.   In case one or more of the aforesaid six legatees should die before the final distribution the share or shares of the legatee or legatees dying shall be equally divided between the surviving legatee or legatees share and share alike."

The auditor and the court below laid great stress on the words " to use, occupy and possess as I have done and am now doing." It is said the testator occupied and possessed the property as absolute owner with the right to consume or otherwise dispose of all of it at pleasure. But it does not necessarily follow that the testator intended the widow to have the same right. In other words, a gift to use, occupy and possess for life with remainder over does not necessarily imply a right to consume, destroy or sell at pleasure irrespective of the nature of the property. Even where there is expressly coupled with such gift the power to consume, sell and dispose of, the general rule that an absolute and unrestricted title is conferred is not a rule of law but a rule of construction in aid of reaching the intent of the testator, and where a different intention is clear, the rule cannot be applied to defeat it: Tyson's Estate, 191 Pa. 218. Of course, if the subject of the gift cannot be used without consuming it, the power to consume would be implied in the power to use; but while this test may be applied as to some of the property given to the widow for life (see Markley's Estate, 132 Pa. 352), it is not applicable to all of it. Even if the above quoted first item of the will stood alone, the intention to give the widow more than the use, income and profit of the money on hand and at interest during her life would not be at all clear. The language of the bequest is entirely reconcilable with the conclusion that he did not intend to give her the right to consume the principal. But whatever doubt as to the intent of the testator there would be if this clause stood alone is removable when it is read in connection with the second item. Here he took pains to declare, that upon the death of

his widow all of the property bequeathed to her for life, not merely the surplus remaining at her death, should go to the legatees named, without diminution, so far as expressed, except for the expense of her burial and the cost of a tombstone over her grave. In this very important particular the will differs from those construed in the cases cited by the learned auditor, and it is to be borne in mind, as was stated by Chief Justice SHARSWOOD in Fox's Appeal, 99 Pa. 382, "that every will is to be construed from its four corners to arrive at the true intent of the testator. Decisions upon other wills may assist but cannot control the construction." For example in Markley's Estate, supra, it was only the "residue of said property, real, personal and mixed," that was to go to the testator's children after the widow's death, and the word "residue" was construed to mean "surplus," following Pennock's Estate, 20 Pa. 268, and to imply a right of consumption of the principal by the widow if it was needed for her support. Gold's Estate, 133 Pa. 495, was decided upon the same principle, the gift over in that case, being "all the remaining property of whatever kind." The three other cases cited by the auditor, Lininger's Appeal, 101 Pa. 161, Heppenstall's Estate, 144 Pa. 259, and Mercur's Estate, 151 Pa. 49, give still less assistance in the construction of this will. In Lininger's Appeal, the widow was expressly given the right to convert and use so much of the personal estate as she might see proper for her support or any other purpose. In Heppenstall's Estate she was given all the personal or real estate for life or during widowhood, "to be applied by her for her own proper use and for the maintenance and education of the minor children," and it was only the principal of the estate then remaining, that is upon the widow's death or remarriage, that the executors were directed to sell and divide the proceeds thereof among his children. In Mercur's Estate there was given express authority "to use, expend, sell and convey as she may desire and think proper," the property that was given to her "for her sole use and benefit during the term of her natural life."

The conclusion that the widow in the present case has the same rights that were expressly given in these cases, is a mere inference, drawn from one clause of the will. It is a doubtful inference at the very best, and is conclusively rebutted by the

clear and unequivocal language of the subsequent clause of the will. In arriving at the conclusion that an account was demandable of such personalty as was not in its nature consumable by use, we have not discussed the effect of blending the real and personal estate in the same gift for life, a circumstance not without significance in determining the rights of the donee in that part of the personalty which consisted of money on hand an in bank and of notes and judgments for money at interest.

The merits of the exceptions filed by the appellant and the accountant have not been passed upon by the orphans' court and we will not discuss them. We have confined our attention to the single question, viz: was an account demandable, and having concluded that it was, the matter must be referred back to the orphans' court for further proceedings. •

Decree reversed and record remitted to the orphans' court with direction to restate the account or to refer it back to the auditor for that purpose, and after due consideration of exceptions to the account as restated, to enter such decree as to right and justice shall belong.

It is further ordered that the costs of this appeal shall be paid by the appellee.