## Martin, Appellant, v. Heckman.

*Will—Widow—Life estate—Limitation over.*

Testator after bequeathing certain specific chattels to his wife, directed as follows: " Also, I bequeath to my wife the whole of my estate both real and mixed, after her death the same, or whatever remains thereof, to be equally divided amongst my children, or their legal heirs, share and share alike." He further directed " that the business of manufacturing guitars, etc., be carried on by my wife and son in joint partnership, he to superintend the business and pay interest for half the capital invested, the profits to be equally divided between them, and he to have the privilege of buying a part or whole of said business at the discretion of both parties." *Held*, that the widow took a life estate only in the lands of her husband, and could not convey a marketable title in fee simple.

Argued Dec. 8, 1903. Appeal, No. 104, Oct. T., 1903, by plaintiff, from judgment of C. P. Northampton Co., June T., 1903, No. 20, for defendant on case stated in suit of Lucinda R. Martin v. Joseph H. Heckman. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before SCHUYLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court.

*Calvin F. Smith*, for appellant, cited: Cox v. Sims, 125 Pa. 522; Boyle v. Boyle, 152 Pa. 108; Gilchrist v. Emfield, 194 Pa. 397; Jauretche v. Proctor, 48 Pa. 466.

*Russell C. Stewart*, for appellee, cited: Good v. Fichthorn, 144 Pa. 287; Kreber's Est., 184 Pa. 222; Cox v. Sims, 125 Pa. 522; Zimmerman v. Anders, 6 W. & S. 218; Fox's App., 99 Pa. 382; Follweiler's App., 102 Pa. 581; Taylor v. Bell, 158 Pa. 651; Trout v. Rominger, 198 Pa. 91; Gross v. Strominger, 178 Pa. 64.

OPINION BY PORTER, J., July 28, 1904:

The will of Christian Frederick Martin, after directing his debts to be paid, and bequeathing certain specific chattels to his wife, the plaintiff, disposed of his whole estate, both real and personal, in a single sentence: " Also, I bequeath to my wife Lucinda the whole of my estate, both real and mixed, after her death the same, or whatever remains thereof, to be divided equally amongst my children, or their legal heirs, share and share alike." The presumption that the testator did not intend to die intestate as to any part of his estate is aided by the advisory provision, relating to the management of the personal property, which follows the bequest: " I do further direct that the business of manufacturing guitars, etc., be carried on by my wife and my son Frank in joint partnership, he (Frank) to superintend the business and pay interest for half the capital invested, the profits to be equally divided between them, and he (Frank) to have the privilege of buying a part or whole of said business, at the discretion of both parties." This clearly indicates the belief of the testator that he had personal property, other than the chattels specifically bequeathed, and that it was his intention that such personal estate should pass to his wife, under the designation " estate, both real and mixed," in the clause first above quoted.

The question presented by this record is whether the widow, Lucinda, took a life estate or a fee in the lands of which the testator died seized, under the clause of the will above recited. The word " estate " in this will, would have carried the fee independent of the Act of April 8, 1833, P. L. 249, but there is not the same clear indication of intention as where the fee is expressly given, by the use of words of inheritance or perpetuity : Fox's Appeal, 99 Pa. 382. If what follows the devise to the widow had been omitted, there can be no question that the devise carried an estate in fee simple in the land, but there was, in the same sentence, a devise over to the children of the testator and their heirs, and the intention of the testator is to be gathered from the four corners of his will. The devise to the widow was general, but without words of inheritance, and without conferring upon her the power to sell, or consume. The will made no attempt to restrain the widow in the alienation of the estate which she took under its terms, nor did it

confer upon her a discretion to convey or devise the property. The testator did not leave the rights of his widow and children to be determined under the words of the particular provisions which he had made for the former; he devised an estate of inheritance to his children to take effect upon the death of his widow. This vested in the widow a life estate, as to the property which was the subject of the devise over; if she took an estate in fee simple in any part of the property, it was because that particular part of the property was not devised over: Fox's Appeal, supra; Gross v. Strominger, 178 Pa. 64; Trout v. Rominger, 198 Pa. 91. The power of the widow to avoid the effect of the devise of the remainder to the children cannot be found in the operative words of the devise to herself, and if it exists at all it must be inferred from the language used in the devise over.

The learned counsel representing the appellant has with great ingenuity and ability argued that as the devise over was of the estate, " or whatever remains thereof," an implication arises that it was the intention of the testator that the widow should have power to convey. This contention is attempted to be supported upon the authority of those cases in which the will conferred upon the first taker an express power to convey or devise, or to consume for her support the proceeds of the land, or where a restriction upon the power of alienation was held to be repugnant to the estate devised to the first taker. The words of the will upon which it is sought to found an implied power in the widow to sell lands are found in the devise over, to the children and their heirs: " after her death the same or whatever remains thereof, to be divided equally amongst my children or their legal heirs." The words, " the same " refer to the subject of the devise, the whole estate both real and personal. " The same, or whatever remains thereof," is the description of the subject-matter of the devise, what property shall pass under the devise to the children and their heirs, and serves no purpose to define the nature of the estate which they took. The bequest of the personal property to the widow for life, with power of disposition, vested in her an absolute estate, but the husband had in another part of his will used precatory words indicating his desire as to the disposition which should be made of such personal property, or at least a

part of it.  The words " or whatever remains thereof" are properly applicable to the personal estate.  The power to sell the personal estate resulted from the gift of it for life without express words ; no express power to sell the real estate was given to the wife ; and such power is not to be inferred from the mere use of words properly referable to another subject-matter :  Fox's Appeal, supra ;  Urich v. Merkel, 81 Pa. 332 ; Follweiler's Appeal, 102 Pa. 581 ;  Cox v. Sims, 125 Pa. 522. The plaintiff took a life estate in the lands of her husband, and under the facts in the case stated could not convey a marketable title in fee simple.

The judgment is affirmed.