# CASES

## IN

# THE SUPERIOR COURT

## OF

# PENNSYLVANIA

## Aubrey v. Curtze, Appellant.

*Wills—Construction—Devise of farm lands—Boundaries—Extension of roads.*

Where a testator owned a farm of 150 acres including roads, and devises fifty acres to a daughter, and also an additional seven acres to her "from the north end of the land remaining on the east side of the French road......to be cut off by a line parallel to the north tract line at the requisite distance," and devises the remainder of the land to his other two children, and there is no exclusion of the roads in any of the devises, and the intention of the testator gathered from the whole will and from extraneous circumstances shows that he intended his daughter to have fifty-seven acres of farmable land, the south line of the seven-acre tract must be run so as to exclude the roads as a part of such tract.

In such a case it is reversible error for the court to disregard testimony to the effect that the testator permitted his daughter to occupy the seven acres in his lifetime and build a home thereon, and to build a barn on the fifty-acre tract, and that he expressly pointed out the south line of the seven acres which was claimed by the daughter as the correct south line, and that the daughter farmed to that line during her father's lifetime.

Where it is uncertain what land is included in a devise, oral evidence is admissible to identify the subject-matter of the devise.

Argued April 10, 1916.    Appeal, No. 1, April T., 1916, by defendant, from judgment of C. P. Erie Co., Feb. T., 1913, No. 148, for plaintiff on case tried by the court

without a jury in suit of Hellena B. E. Aubrey v. H. J. Curtze. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Ejectment for land in Mill Creek Township. Before WALLING, P. J.

The case was tried by the court without a jury.

In addition to the facts stated in the opinion of the Superior Court it appeared that the devises contained in the will of George Rilling were as follows:

"Item. I give and bequeath the farm on which I now reside and known as Reserve Tract No. sixty-seven containing about one hundred and fifty acres of land situate in the Township of Millcreek in the County of Erie aforesaid unto three of my children to-wit: Elizabeth intermarried with Frank Deckenhur and my son, George and the children of my son Henry conformable to the division and conditions herein specified as follows, to-wit:

"Item. I give and bequeath unto my daughter Elizabeth, fifty acres of land from east side of the farm adjoining Reserve Tract No. 65 to be cut off by a line run parallel to the tract line and I also give said Elizabeth an additional plot of seven acres land from the north end of the land remaining on the east side of the French road. Said seven acres to be cut off by a line parallel to the north tract line at the requisite distance..............

"Item. I give and bequeath unto my son George all that portion of my aforesaid farm lying on the west side of the west side of the French road and adjoining reserve tract No. 67 on the west side, and supposed to contain about fifty-four acres and four perches of land.........

"Item. I give and bequeath unto his several children of my son Henry all the remainder of said farm not disposed of in the preceding items and comprising a plot of about thirty-seven acres more or less on the east side of the French road and adjoining the lands herein bequeathed to Elizabeth Deckenhur, said land to be di-

vided equally when the youngest shall attain the age of twenty-one years."

The following plan shows the land:

The court entered judgment for plaintiff.    Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*Frank Gunnison,* with him *E. L. Whittelsey,* for appellant.—The act of a father in making a division line in anticipation of a devise to his children, is competent evidence in an ejectment between persons claiming under them: Hunt v. Devling, 8 Watts 403; Caufman v. Presbyterian Congregation, 6 Binney 59; Hamilton v. Menor, 2 S. & R. 70; Bender v. Pitzer, 27 Pa. 333; Kennedy v.

Lubold, 88 Pa. 246; Kramer v. Goodlander, 98 Pa. 366; Collins v. Clough, 222 Pa. 472; Clement v. Packer, 125 U. S. 309.

*P. D. Hyner,* for appellee, cited: Paul v. Carver, 26 Pa. 223; Falls v. Reis, 74 Pa. 439.

OPINION BY WILLIAMS, J., July 18, 1916:

George Rilling, being the owner of a large tract of land in Millcreek Township, Erie County, Pennsylvania, made a will, dated August 6, 1866, by which he devised to his daughter, Elizabeth Deckenhur, fifty acres of land from the eastern half of the farm and an additional seven acres from the land remaining on the east side of French Road, to be cut off by a line parallel to the north tract line, at the requisite distance.

Although Mrs. Deckenhur had been living in a house built by her on this seven acres during her father's lifetime, it was agreed by the parties at the trial that title was in the testator, George Rilling, at the time of his decease, November 16, 1887; the defendant below abandoning any claim to title by adverse possession under the statute of limitations. Both plaintiff and defendant claim title under the will of George Rilling, each of them relying upon their respective construction of the will. The question is, therefore: What did the testator mean to give to his daughter when he said: "Item......and I also give Elizabeth an additional plot of seven acres of land from the north end of the land remaining on the east side of the French Road. Said seven acres to be cut off by a line parallel to the north tract line at the requisite distance." It will be noted that the devise was coupled with a condition that the devisee should hold his estate harmless on certain suretyship obligations undertaken by the testator. This would strengthen the contention of the appellant that the testator intended his daughter to take seven farmable acres.

It is a cardinal rule of construction of wills that the

intent of the testator is to be gathered from the four corners of the instrument. The intent which is to be carried out is not a mere conventional intent inferred from his use of any set phrase or form of words, but his actual personal intent as indicated by his whole will: Tyson's Est., 191 Pa. 218; Fox's App., 99 Pa. 382; therefore the cases cited by the appellee involving the technical use of the words "street" or "road" as used in deeds and agreements of sale do not apply to the question raised in this case.

It is evident from the will that the testator intended to give Mrs. Deckenhur fifty-seven acres of farm land; his son George fifty-four acres, and to the children of his son, Henry, the remainder of the tract out of which the seven acres was taken, which, in his opinion, amounted to about thirty-seven acres. It appears from the evidence that if the appellee's contention is sustained Henry's children will be entitled to over thirty-nine acres instead of thirty-seven under their devise, and the daughter, Elizabeth, to about fifty-five instead of fifty-seven acres of usable land under her devise. It will be noted that the testator did not use the words "north tract line" to indicate the north boundary of the seven acres, but used the expression "north end" in referring thereto. He also expressly says that the land shall be on the "east side" of French Road. The only use made of the words "north tract line" is to establish the proper course for the southern boundary of the seven acres.

In addition it clearly appears from the testimony of Keller, that the testator permitted his daughter to occupy the seven acres in his lifetime, build a home thereon and to build a barn on the fifty-acre tract which he devised to her in the same item of the will, and further, that he expressly pointed out the south line of the seven acres which is contended for by the appellant, as the correct south line. This testimony, disregarded by the court below, was not only competent, but clearly indicates what the testator meant to give to Mrs. Deckenhur.

Where it is uncertain what land is included in a devise, oral evidence is admissible to identify the subject-matter of the devise: Myers v. Myers, 16 Pa. Superior Ct. 511; Updegraff v. McCormick, 199 Pa. 590. In addition the testimony shows that during the lifetime of the testator, Mrs. Deckenhur farmed the land to the south boundary pointed out by the testator as the limit of the seven-acre tract, and continued to do so after his death. The great disproportion between the seven acres devised and the five 'acres to which the devisee would be entitled if the contention of the appellee that the land must be measured from the center of each road, is sustained, would work a manifest injustice and would not accord with what the testator indicated by his will and by acts during his lifetime. It is clear, therefore, that he intended Mrs. Deckenhur should have seven acres of land exclusive of the bed of the road. This construction of the will accords with our sense of justice as the proper one.

The 12th, 13th and 14th assignments of error are sustained; the judgment is reversed, the record remitted, and the court below directed to enter judgment for the defendant in accordance with the views expressed in this opinion.