## Follweiler's Appeal.

1. A testator devised and bequeathed all his property, real and personal, to his widow, "to keep and enjoy during her lifetime, and after her death what shall be left shall be divided equally [among] my heirs and her heirs share and share alike." Both testator and his wife were childless, and had collateral relatives only : *Held,* that the widow took the personalty absolutely, but took a life estate only in the realty.

2. In construing a will it is proper to consider the testator's surrounding circumstances at the time he made his will, including the character and amount of his property, and who were his family or his relatives. Thus, in the above case, the testator and his wife having collateral relatives only, it is clear that the testator, by the phrase "my heirs and her heirs," meant collateral and not lineal heirs.

March 9th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Lehigh county :* Of January Term 1883, No. 361.

Appeal by Mary Follweiler, widow of Jonas Follweiler, deceased, from a decree of said court, making distribution of the proceeds of certain real estate of the decedent, sold by order of the Orphans' Court for the payment of debts. After payment of debts a balance remained for distribution under the testator's will.

Before the Auditor (A. H. Focht, Esq.), appointed to make distribution of said balance in the hands of the executor, the following facts appeared :

Jonas Follweiler died March 28th 1878, having by his will dated August 26th 1877, duly proved April 8th 1878 directed, inter alia, as follows :

"I give and bequeath to Emelina Stiegerwald, wife of Daniel L. Stiegerwald, of Lynn township, the interest of two hundred dollars annually, which two hundred dollars shall remain on my property and the interest paid annually to said

[Follweiler's Appeal.]

Emelina Stiegerwald, during her lifetime, but in case her husband, Daniel L. Stiegerwald, shall die before her, then she shall have the principal sum of the said two hundred dollars, and in case said Emelina shall die before her husband, Daniel L. Stiegerwald, then the two hundred dollars shall come to her children, if she has any, and in case she has no children at her death, then the said two hundred dollars shall fall back half to my heirs and half to my wife's heirs."

" Further I give and bequeath all the rest, residue and remainder of my goods, chattels, debts, ready money, effects and other my estate whatsoever and wheresoever, both real and personal, every part and parcel thereof unto my wife Mary to keep and enjoy during her lifetime, and after her death what shall be left shall be divided equally, my heirs and·her heirs share and share alike."

At the date of the will, and at the testator's death, he had no lineal descendants or heirs, and his widow had none, but both had collateral heirs.

The Auditor awarded to Emma Stiegerwald, the sum of $12 annually, being the yearly interest of the said legacy of $200, the principal to be secured and applied as directed in the clause of the testator's will first above quoted.   He then awarded the balance of the fund for distribution, $1,449.62, to Mary Follweiler, the testator's widow, holding that under the second clause of the will above quoted, she was entitled to the same absolutely.

The executor filed an exception to the Auditor's report, claiming that the widow was only entitled, under the will, to a life interest in said balance.

The court, in an opinion by ALBRIGHT, P. J., sustained said exception, and filed a decree that the annual interest on said balance of $1,449.62, be paid to Mary Follweiler, widow, for life, and at her death the principal be divided equally among the heirs of said Jonas Follweiler, and the heirs of said Mary Follweiler, share and share alike.

Mary Follweiler, the widow, took this appeal, assigning for error the action of the court in sustaining said exception, and the said decree.

*Dewalt* (*Henninger* with him), for the appellant, cited: Fitzwater's Appeal, 13 Norris 146 ; Postlethwaite's Appeal, 18 P. F. S. 480 ; Rewalt *v.* Ulrich, 11 Harris 391 ; 2 Jarman on Wills 742 ; 2 Powell on Devises 6 ; Lininger's Appeal, 12 W. N. C. 512; Hambright's Appeal, 2 Grant 320 ; Jauretche *v.* Proctor, 12 Wr. 472 ; Church *v.* Disbrow, 2 P. F. S. 219 ; Pennock's Estate, 8 Harris 268.

[Follweiler's Appeal.]

*Thomas B. Metzger*, for the appellee, cited : Act April 8th 1883, § 9, Purd. Dig. 1475 ; France's Estate, 25 P. F. S. 224 ; Cooper *v.* Pogue, 37 Leg. Int. 223.

Mr. Justice TRUNKEY delivered the opinion of the court, April 16th 1883. ﹀

In Postlethwaite's Appeal, 68 Pa. St. 477, it was said : " It has been long and well settled, and indeed it is a principle so consonant to reason, that the only wonder is that it should ever have been questioned, that all the surrounding circumstances of a testator—his family, the amount and character of his property, may and ought to be taken into consideration in giving a construction to the provisions of his will." In view of the circumstances in which the testator made his will, as to his property, or his family, the meaning of his words may be plain where otherwise it would be uncertain.

Neither the testator nor his wife had children, but each had collateral relatives. Hence it is manifest by the phrase, " my heirs and her heirs," he meant the collateral heirs of himself and the collateral heirs of his wife. At the time of his death, as well as when he executed the will, it was impossible that anybody else could have been within the intendment. Looking at the state of his family, no one could say that he meant children, or lineal heirs of himself, or of his wife, or of both.

The appellant claims under the following provision : " Further, I give and bequeath all the rest, residue and remainder of my goods, chattels, debts, ready money, effects and other my estate whatsoever and wheresoever, both real and personal, every part and parcel thereof unto my wife Mary, to keep and enjoy during her lifetime, and after her death what shall be left shall be divided equally, my heirs and her heirs, share and share alike." It is not alleged that any other clause in the will affects the interpretation of this.

The personal estate was not sufficient for payment of the testator's debts, and the fund for distribution is the balance of the proceeds of the real estate sold under an order of the Orphans' Court. If there were any personalty, the appellant would take it absolutely. But the realty is not subject to the same rule. Primarily, the land is given to her " to keep and enjoy during her lifetime." The will works no conversion. The executors are not authorized to sell the land under any circumstances ; and no power to dispose of it is given to the life tenant. After her death it is devised to the testator's heirs and his wife's heirs share and share alike, and, as already remarked, the heirs of each are collateral. Here are an express gift for life, and a devise over in fee. The gift of what shall be left after the death of his wife is intelligible in its relation

[Follweiler's Appeal.]

to the personal property which the testator supposed he had bequeathed, but it has no application to the real property in absence of power to sell or dispose of it.

No case has been cited by the able counsel for the appellant which can be wrested into a precedent for construing the language of this will to vest a fee in her. In Hambright's Appeal, 2 Grant 320, the testator directed that his wife "is to have $3,000 out of the first moneys arising from the sales of my estates." It was money, not land, that the wife took absolutely. The case of The Church v. Disbrow, 52 Pa. St. 219, arose upon a devise by the testator to his wife of real estate, " to have and to hold and enjoy during her lifetime, or dispose of the same as shall seem best unto her, and in doing so she shall possess all the rights and powers that I (testator) of right could do if living ;" following this with precatory words as to any part remaining in her hand at her death. It was held that the devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee. And it was said that words of implication do not merge or destroy an express estate for life unless it becomes absolutely necessary to uphold some manifest general intent. It is noticeable that in that case the power of disposition was equal to the testator's while living. Nor does Jauretche v. Proctor, 48 Pa. St. 446, touch the pending case. There, the devise was an absolute estate in the wife, with all the rights of a tenant in fee, except the power of alienation, and direction that what remained at the death of the wife should be divided among the children. She had power to dispose of it by will. The restriction was held void, upon the familiar principle that conditions repugnant to the estate to which they are annexed bind not.

Such are the cases referred to, and they are far from sanctioning a construction that an express devise of land to a person to keep and enjoy during her life, with a devise over, shall vest a fee simple estate in the first tenant.

Decree affirmed, and appeal dismissed, at costs of the appellant.