## ALFRED S. COX v. WILHELMINA SIMS.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued April 3, 1889—Decided April 15, 1889.

(a) A testator gave to his wife the residue of his estate, real and personal, "to have and hold the same for and during the whole period of her natural life, and from and immediately after the death of my said wife, all the property hereby devised or bequeathed to her as aforesaid, or so much thereof as may remain unexpended, I give, devise and bequeath unto my beloved children [naming them] share and share alike, for and during the term of their natural life."

1. In such case, the testator's clear intent was to give his wife a life estate only: The words, "so much thereof as may remain unexpended," were applicable to the personal estate alone, and serving no other purpose than to describe what the children should take, did not enlarge the estate in the land devised into a fee: Fox's Appeal, 99 Pa. 382; Follweiler's App., 102 Pa. 581.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 260 January Term 1889, Sup. Ct.; court below, No. 822 March Term 1888, C. P. No. 4.

On June 1, 1888, a case stated was entered between Wilhelmina Sims, as plaintiff, and Alfred S. Cox, as defendant, which set forth as agreed upon by the parties the facts following:

1. Charles Sims died seised, inter alia, of all that certain lot or piece of ground, with the three-story brick messuage or ten-

ement thereon erected, situate on the east side of Matlack street, at the distance of ninety-nine feet southward from the south side of Poplar street in the city of Philadelphia, containing in front twelve feet and in depth thirty-eight feet.

2. The said Charles Sims, by his will dated September 23, 1865, duly proven November 14, 1887, provided as follows:

"All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever or wheresoever the same may be, I give, devise and bequeath unto my beloved wife, Wilhelmina Sims, to have and to hold the same for and during the whole period of her natural life, and from and immediately after the death of my said wife all the property hereby devised to her as aforesaid, or so much thereof as may remain unexpended, I give, devise and bequeath unto my beloved children, Charles K., Mary M., Harry U., Joseph R., and George M. Sims, share and share alike, for and during the term of their natural life, but if any of my children should depart this life before my said wife, leaving lawful issue, then I give and bequeath unto such issue, share and share alike, the share due such deceased child or children."

3. That the said will consists of but three items: the first directing the payment of debts and funeral expenses; the second, that above recited, and the third, appointing the said Wilhelmina Sims sole executrix.

4. That the testator's estate consists principally of real estate, of which there are several pieces.

5. That the defendant has agreed to purchase the premises described in paragraph 1 hereof, for the sum of $1,600, but has declined to take the title tendered, alleging that the said Wilhelmina Sims is not seised of an estate in fee simple in the same.

It is agreed that if in the opinion of the court the plaintiff is seised of an estate in fee simple in the said premises, then judgment to be entered in favor of the plaintiff for the sum of $1,600 conditioned upon her making a conveyance of the same to the defendant, but that if in the opinion of the court, the plaintiff is not so seised, judgment to be entered in favor of the defendant.

On June 16, 1888, the court, THAYER, P. J., without any

opinion filed, ordered "judgment for the plaintiff for $1,600, upon the making of a proper conveyance."

The defendant thereupon took this writ assigning said order for error.

Mr. *Allen H. Gangewer*, for the plaintiff in error.

Mr. *Robert H. Neilson*, for the defendant in error.

OPINION, MR. JUSTICE WILLIAMS :

The only question presented by this case is whether Wilhelmina Sims took a life estate or an estate in fee simple under the will of her husband. The testator gave to his wife all his estate, real and personal, describing her interest therein in these words : "To have and to hold the same for and during the whole period of her natural life, and from and immediately after the death of my said wife all the property hereby devised to her as aforesaid, or so much thereof as may remain unexpended, I give, devise, and bequeath unto my beloved children, Charles K., Mary M., Harry N., Joseph R. and George M. Sims, share and share alike, for and during the term of their natural life," etc.

The words employed to describe the estate given to his wife are apt and proper words to create a life estate, and the testator limited over upon the death of his wife a life estate to his children, naming them, thus clearly showing his purpose that her estate should end with her life. But it is urged that the testator nevertheless gave her a fee simple, because of the legal effect of the words "so much thereof as may remain unexpended," used in the gift over to his children. The argument is that these words invest his widow with a power to dispose of the whole estate, and such a power imports a fee simple.

There are two objections to this view. The first is that the words are not used in describing the gift or devise to his wife or her power over the estate, but in describing what his children shall take after her death. Having given all his estate real and personal to his wife for life, he provides that "all the property hereby devised to her or so much thereof as may remain unexpended" shall upon her death go to his children. The words are descriptive of what his children shall take and serve no

other purpose. The other objection is that the words are properly applicable to the personal estate. No express power of sale of the real estate was given to the wife, but such power over the personal estate results from a gift of it for life without express words.

The meaning of the testator was, therefore, that upon the death of his wife the real estate and so much of the personal property as remained at that time should be divided among his children. A similar provision came under notice in Fox's Appeal, 99 Pa. 382, and was held to relate to the personal property only, and to have no effect upon the life estate in land given to the widow under the same provision of the will. Again in Follweiler's Appeal, 102 Pa. 581, the same question was raised. The testator in that case gave all his estate real and personal to his widow " to keep and enjoy during her lifetime and after her death what shall be left shall be divided equally among my heirs and her heirs share and share alike," and it was urged that the words, " what shall be left," implied a power of sale of the real estate and gave the widow an estate in fee simple. This court held that the words were intelligible in their relation to the personal estate, and that in the absence of any express power to sell the real estate they did not refer to it or enlarge in any manner the life estate of the widow, but that upon her death the remaindermen were entitled to the real estate and the unexpended balance of the personal property. The present case is ruled by Follweiler's Appeal.

The appellee takes the further position that, unless the construction for which she contends be adopted, the testator must be held to have died intestate as to the fee of his lands. If this turns out to be so it affords no sufficient reason for disregarding the plain provisions of the will. If it clearly appears that a life estate only is given to his children, with no limitation over of the fee, we must presume that the testator intended a distribution under the intestate laws upon the termination of the life estates. But our present concern is with the estate which the widow takes under the will and it is of that only we speak. We are satisfied that her estate in the lands of the testator is for her life, and that she has no power express or implied to dispose of any interest therein.

Judgment reversed.