## Taylor *v.* Bell, Appellant.

*Will—Life estate—Widow—Power of sale.*

Testator disposed of the residue of his estate as follows : " To my beloved wife I allow the use as she may deem best the residue of my estate for her own advantage and at her death if any of it remain to be equally divided between my three children, Alexander, John and Alice. If it be necessary to pay my debts and the amount devised to my mother that my real estate will need be sold, that that is devised to Alice shall be reserved for her." *Held,* that the wife took a life estate in the realty, and not a fee.

Argued Oct. 18, 1893. Appeal, No. 256, Oct. T., 1893, by defendant, John T. Bell, from judgment of C. P. Indiana Co., Sept. T., 1893, No. 146, on case stated, for plaintiff, Sarah J. Taylor. Before GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Case stated to determine marketable title to land agreed to be sold by plaintiff to defendant. Before WHITE, P. J.

The will after providing for payment of debts out of estates was as follows :

" To my beloved mother Sarah Taylor in lieu of all my indebtedness to her shall be paid as soon as possible after my decease the sum of one thousand dollars. To my daughter Alice my pasture lot situate in the borough of Indiana east of the Armagh road, adjoined by lots of Jno. B. Allison and others containing about two and one third acres being the same piece of ground purchased by me from the late Hon. Thomas White to be kept by her till she reaches the age of 21 years after which time she may dispose of it as she may deem best. To my beloved wife I allow the use as she may deem best the residue of my estate for her own advantage and at her death if any of it remain to be equally divided between my three children, Alexander, John and Alice. If it be necessary to pay my debts and the amount devised to my mother that my real estate will need to be sold, that that is devised to Alice shall be reserved for her. I appoint my wife Sarah J. Taylor, executor of this my last will and testament."

The court below entered judgment for plaintiff, citing : Act

of April 8, 1833, P. L. 316 ; Shirley v. Postlethwaite, 72 Pa.
39 ; Morrison v. Semple, 6 Bin. 94 ; France's Est., 75 Pa. 224 ;
Millard's Ap., 87 Pa. 457 ; Myers' Ap., 49 Pa. 114 ; Smith v.
Snow, 123 Mass. 323 ; Pennock's Est., 20 Pa. 277 ; Jauretche
v. Proctor, 48 Pa. 471.

*Error assigned* was entry of judgment as above.

*J. N. Banks*, for appellant, cited : Act of April 8, 1833, P.
L. 316 ; France's Est., 75 Pa. 220 ; Hinkle's Ap., 116 Pa. 490 ;
Cox v. Sims, 125 Pa. 522 ; Follweiler's Ap., 102 Pa. 581 ; Sei-
bert v. Wise, 70 Pa. 147 ; Mutter's Estate, 38 Pa. 314 ; Boyle
v. Boyle, 152 Pa. 108.

*D. B. Taylor*, *S. M. Jack* with him, for appellee, cited : Church
v. Disbrow, 52 Pa. 223 ; Boyle v. Boyle, 152 Pa. 108 ; Foll-
weiler's Ap., 102 Pa. 581 ; Cox v. Rogers, 77 Pa. 160 ; Jauret-
che v. Proctor, 48 Pa. 466 ; 2 Jarman on Wills, 5 Am. ed. 529.

OPINION BY MR. JUSTICE GREEN, December 30, 1893 :

The clause in the will of Robert C. Taylor under which his
widow, the present plaintiff, claims title, is in these words,
" To my beloved wife I allow the use as she may deem best the
residue of my estate for her own advantage and at her death
if any of it remain to be equally divided between my three
children, Alexander, John and Alice."

Upon a careful examination of the rather numerous decisions
upon this class of cases, we feel constrained to differ with the
learned judge of the court below, and to hold that the interpre-
tation of this will is controlled by our rulings in Follweiler's
Appeal, 102 Pa. 581, which it closely resembles ; Cox v. Sims,
125 Pa. 522, and cases kindred to them.   In Follweiler's Ap-
peal the residuary clause of the will gave the whole residue of
the estate to the widow, " to keep and enjoy during her lifetime,
and after her death what shall be left shall be divided equally,
my heirs and her heirs, share and share alike."   The right " to
keep and enjoy during her lifetime " and the right " to use as
she may deem best for her own advantage," terminable at her
death, are practically identical in any legal sense, as they are in
a merely physical sense.   We can see no difference between

them in considering what was the character of these two defined rights in these two cases. In all other respects these two testamentary grants are precisely alike. There was no power of alienation or testamentary disposal conferred upon the widow in either case. There was an express limitation over in both cases, and the devisees in remainder in both take their title directly from the testator under the same will, and the same clause of the will, in each case, which creates the life interest of the widow. So far as any implication of a fee in the widow arises out of the grant of the right to "keep and enjoy" in the one case, and "to use as she may deem best for her own advantage" in the other, there is no difference. Both these rights end with the life of the widow, the one, by express limitation "during her lifetime" and the other by the devise over "at her death" to designated devisees. In the Follweiler case the ultimate words were, "and after her death what shall be left shall be divided equally, my heirs and her heirs, share and share alike." In the present case these words are, "and at her death if any of it remain, to be equally divided between my three children, Alexander, John and Alice." No larger implication, as to the estate of the widow, arises in the one case than in the other. We think, clearly the two cases are precisely similar in all essential particulars. In delivering the opinion in the Follweiler case, Mr. Justice TRUNKEY said: "Primarily the land is given to her 'to keep and enjoy during her lifetime.' The will works no conversion. The executors are not authorized to sell the land under any circumstances; and no power to dispose of it is given to the life tenant. After her death it is given to the testator's heirs and his wife's heirs, share and share alike, and as already remarked the heirs of each are collateral. . . . No case has been cited by the able counsel for the appellant which can be wrested into a precedent for construing the language of this will to vest a fee in her." All of this language is precisely applicable to the case at bar, and in our judgment disposes of the present contention. There is this difference in favor of the ruling in this case. Under the will of plaintiff's testator the residuary real estate devised to the widow is subject to be sold for the payment of debts, if that should be necessary, in preference to selling the other real estate which was devised to the testator's daughter Alice. The will says: "If it be necessary

to pay my debts, and the amount above devised to my mother, ($1,000), that my real estate will need to be sold, that that is devised to Alice shall be reserved for her." So that it is clear the testator did not intend that an unqualified fee should pass to the widow under the grant to her of a right to use the land for her own best advantage.

The case of Cox v. Sims, 125 Pa. 522, decided in 1889, followed Follweiler's Appeal, and was disposed of upon the same line of reasoning. The words of the will in that case are a little stronger in favor of a life estate only, in the wife, than in either the Follweiler case, or in this. But the language from which it was claimed that a fee should be implied in the widow was rather stronger in them than here. The will gave the widow the whole of the residue, real and personal, just as here, " to have and to hold the same for and during the whole period of her natural life, and from and immediately after the death of my said wife all the property hereby devised or bequeathed to her as aforesaid, or so much thereof as may remain unexpended, I give, devise and bequeath unto my beloved children," naming them. It was claimed that the widow took a fee under the implied power to expend the principal, but we held, reversing the court below, that the words were used in describing the devise over to the children, and not in describing the widow's estate, and that they were, at any rate, only applicable to the personal estate, as was held in Fox's Appeal, 99 Pa. 382, and in Follweiler's Appeal, supra, and that no power of sale was given to the widow. All these features concur in the present case and control its decision.

There are a number of decisions upon this general subject, most of which are cited either in the opinion of the learned court below, or in the argument of counsel for the appellee, which seem to support the contention of the appellee, but they will be found upon careful examination to be based upon the presence of a power to sell, or to dispose of, the property in the will creating the estate. We are saved the necessity of reviewing them in detail by the circumstance that this work has been very recently and exhaustively done by our brother WIL- LIAMS in an elaborate opinion in the case of Boyle v. Boyle, 152 Pa. 108, in which the widow's right to a fee was sustained. The distinctions which divide the cases are most carefully pre-

sented, so that it is not at all difficult to determine to which class a given case belongs. In the present case the widow has the right to use the residuary estate as she may deem best for her own advantage. This would entitle her to an absolute estate in the personalty because it includes a power of disposition, but under the decisions above cited it gives her only a life estate in the realty, with no power of sale or other disposition. That being so the plaintiff cannot make a good title to the defendant, and the defendant is not bound to accept the deed tendered or to pay the purchase money.

The judgment is reversed, and judgment is now entered under the case stated in favor of the defendant with costs.