216    575
f219    60

216   575
f225  452

# Kennedy v. Pittsburg & Lake Erie Railroad Company, Appellant.

*Wills—Gift to widow—Real and personal estate—Consumption of principal—Power to convey.*

Testator gave to his widow " all my (his) estate both real and personal . . . . during her natural life with privilege to use part of the principal if she should need it . . . . and at the decease of my wife I will and direct my executor to sell . . . . all my real and personal estate not used by my wife in her lifetime, and divide the proceeds, etc." *Held,* that the widow had a right to consume the principal of both the real and the personal estate, and consequently had the right to convey the real estate.

Argued Oct. 29, 1906. Appeal, No. 12, Oct. T., 1907, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1906, No. 286, for plaintiff on case stated in suit of Eliza Ann Kennedy v. Pittsburg & Lake Erie Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine the title to real estate.

BROWN, J., filed an opinion in which he held that plaintiff had a right to make a conveyance of real estate under the provision of the will quoted in the opinion of the Supreme Court. He accordingly entered judgment for plaintiff for $2,000.

*Error assigned* was the judgment of the court.

*William M. Robinson,* of *Reed, Smith, Shaw & Beal,* for appellant, cited : Cox v. Sims, 125 Pa. 522 ; Fox's Appeal, 99 Pa. 382 ; Follweiler's Appeal, 102 Pa. 581 ; Taylor v. Bell, 158 Pa. 651.

*James T. Buchanan,* for appellee.

PER CURIAM, January 7, 1907 :

The testator gave to his widow, the plaintiff, " all my [his] estate both real and personal . . . . during her natural life with privilege to use part of the principal if she should need it . . . . and at the decease of my wife I will and direct my

executor to sell . . . . all my real and personal estate not used by my wife in her lifetime, and divide the proceeds," etc. This language does not admit of the least doubt of what the testator in fact meant, and his actual intent is his legal intent. He gave the power to use the principal in words in themselves and in their context equally applicable to both the real and the personal estate, and then he clinched that meaning by the direction to the executor at her death to sell " all my real and personal estate not used by my wife in her lifetime." He thus twice classed the real and personal estate together, made no distinction between them in his provision for his wife's power over them, and intended that no such distinction should be made.

The power to use the principal means the power to consume, and the power to consume real estate necessarily includes the power to convey.

It is argued by appellant that the precedents have construed similar language as applicable only to the personal estate, and Fox's Appeal, 99 Pa. 382; Follweiler's Appeal, 102 Pa. 581; Cox v. Sims, 125 Pa. 522 and Taylor v. Bell, 158 Pa. 651, are cited in support of this position. But in none of these cases did the will contain the efficient language of the present, classing the real and personal property together as the subject of the power to use. In all of them the power to use, i. e., convey the real estate, was sought to be inferred from the gift over of " what remains," or " what shall be left " or " so much as may remain unexpended " or similar phrases. None of such cases therefore is a close precedent as to the language of this will, even if we overlook, as we certainly never should, the caution of SHARSWOOD, J., in Fox's Appeal, 99 Pa. 382. " Every will is to be construed from its four corners to arrive at the true intention of the testator. Decisions upon other wills may assist, but cannot control the construction."

Judgment affirmed.