## Morel v. Oakley, Appellant.

*Wills—Real estate—Life interest—Power to consume—Sale of real estate—Estate conveyed.*

Where a testator provided that "all the rest, residue and remainder of my estate, of whatsoever nature and kind, I give the use of during her natural life to my wife (naming her) also the right to use of the principal of my estate in case she needs with herself as the sole judge of such need. And at her death whatever shall be remaining shall be divided equally among my three nephews," the widow was empowered to convey a fee simple title to the testator's real estate.

Submitted, Feb. 23, 1916. Appeal, No. 251, Jan. T., 1915, by defendant, from judgment of C. P. Lackawanna Co., March T., 1915, No. 251, for plaintiff, on case stated, in case of Louis Morel and Nettie Du Bois Morel v. W. D. Oakley. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ. Affirmed.

Case stated to determine title to real estate.

NEWCOMB, J., filed the following opinion:

Suit is brought by vendors for the purchase-money due on sale of land. Defense is taken on the ground of an alleged defect in their title.

The facts are that the plaintiff, Louis Morel, and his brother, Peter, were, in the latter's lifetime and at the time of his death, jointly seized of the premises in fee as equal tenants in common; that Peter died testate; and that his interest was disposed of by the residuary clause of his will, in terms as follows:

"All the rest, residue and remainder of my estate, of whatsoever nature and kind, I give the use of during her natural life to my wife, Nettie DuBois Morel, also the right to use of the principal of my estate in case she needs with herself as the sole judge of such need. And at her death whatever shall be remaining shall be divided equally among my three nephews, namely," etc.

Testator's widow joined in the sale which gives rise to the suit, and therefore she is coplaintiff here with her brother-in-law.

The single question at issue is whether she can convey good title in and to the purpart of which her husband died seized.

At bar the discussion turned for the most part on the technical nature of the estate to which she succeeded under the will; that is to say whether the fee, or an estate for life.

It is the former that is claimed by her counsel as more in accord with the rules of testamentary construction which give preference to a fee as against a lesser estate; and to the widow as against collateral relatives of the husband.

But it is believed her case is in no need of aid from these or any other mere presumptions, inasmuch as testator's meaning and purpose are clearly expressed and thus no room is left for speculation on the subject. All rules and presumptions are subordinate to the intent

of testator where that is ascertained: Allen v. Hirlinger, 219 Pa. 56.

It is to be observed that in devoting his estate to the use of his widow, he made no distinction between real and personal property. In like manner the remainder, if any, was blended in the gift over to his nephews. It is thus self-evident that in his mind the "principal" of his estate would form a unit and as such would be at the widow's free disposal without stint during her lifetime. This is the unlimited power to consume the property both real and personal, and carries with it the power to convey as a necessary incident: Kennedy v. Pittsburgh & Lake Erie R. R. Co., 216 Pa. 575; Allen v. Hirlinger, supra.

But as was said in these cases, the right so conferred doesn't amount in law to that of an owner in fee, as it doesn't include the power of alienation by will.

The cases—or most of them—cited by defendant as supporting the claim of a life estate only in the widow, were considered in Kennedy v. Pittsburgh & Lake Erie R. R. Co., supra, where the ground upon which they are to be distinguished from the case here, is pointed out. It is nothing more or less, however, than a mere difference of intent and purpose in mind of testator as made manifest by what he has said. Broadly stated it comes to this: in the one class of cases the power to consume the corpus of the estate is given to the first taker in express terms; while in the other the attempt has been made to derive it by mere inference from the gift over of "what remains" or "what shall be left" or "so much as may remain unexpended," and the like phrases.

That is a very different thing from an intention distinctly expressed in terms.

While it would not be accurate to say that the plaintiff, Mrs. Morel, took title under the will in fee, she did take a life estate with power to sell and convey at pleasure. It follows that the deed tendered was open to no

objection for want of marketable title and the issue is, therefore, with plaintiffs.

The court entered judgment for plaintiff on the case· stated.   Defendant appealed.

*Error assigned* was the judgment of the court.

*H. S. Kennedy,* submitted for appellant.

*S. B. Price, C. B. Price* and *J. H. Price,* submitted for appellees.

PER CURIAM, March 20, 1916:

This judgment is affirmed on the opinion of the court below directing it to be entered.