# Hege *v.* Ickes, Appellant.

*Will—Gift to wife with power to consume—Contingent remainder—Fee simple estate.*

1. Where a testator, dying without children, gives his residuary estate, real and personal, to his wife "to have and to hold for her natural life, and at her death, should she have any of my estate left, I would will that my adopted daughter [naming her] should have the sum of $1,000, and should there be any balance of my estate it should descend according to the laws of the State of Pennsylvania," the wife takes an absolute fee simple estate in the realty, inasmuch as testator's language clearly implied a power in the life tenant not only to use the income from the estate, but to consume the principal, if she saw fit to do so.

2. The gift of the remainder, both to the adopted daughter, and to those entitled under the intestate laws, depended wholly upon a part of the estate remaining unexpended, not at testator's death, but at the time of the widow's decease.

Follweiler's App., 102 Pa. 581, distinguished.

Argued March 9, 1920. Appeal, No. 142, Jan. T., 1920, by defendant, from judgment of C. P. Franklin Co., Oct. T., 1919, No. 39, for plaintiff, on case-stated, in case of Annie E. Hege v. Samuel J. Ickes. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Case-stated to determine marketability of title to realty. Before GILLAN, P. J.

The court entered judgment for plaintiff on the casestated. Defendant appealed.

*Error assigned* was entry of judgment for plaintiff.

*Walter K. Sharpe,* with him *William S. Hoerner,* for appellant.—The case is ruled by Follweiler's Est., 102 Pa. 581; Approved of in the following later cases: Cox v. Sims, 125 Pa. 522; Martin v. Heckman, 25 Pa. Superior

Ct. 451; Markley's Est., 132 Pa. 352; Heppenstall's Est., 144 Pa. 259; Taylor v. Bell, 158 Pa. 651; Schmid's Est., 182 Pa. 267; Bacon's Est., 202 Pa. 535; Rogers' Est., 245 Pa. 206.

*J. R. Ruthrauff,* with him *W. O. Nicklas,* for appellee. —The widow took a fee: Kennedy v. Pittsburgh & Lake Erie R. R., 216 Pa. 575; Allen v. Hirlinger, 219 Pa. 56; Fassitt v. Seip, 240 Pa. 406; Henninger v. Henninger, 202 Pa. 207.

A power to consume real estate, although not formally expressed in the will, may be implied where it is necessary in order to carry out the intentions of the testator: Reisher's Est., 261 Pa. 223.

Follweiler's Estate is distinguished in the following cases: Trout v. Rominger, 198 Pa. 91; Boyle v. Boyle, 152 Pa. 108; Bailey v. P., C., C. & St. L. Ry., 208 Pa. 45; Kennedy v. P. & L. E. R. R., 216 Pa. 575; Allen v. Hirlinger, 219 Pa. 56.

OPINION BY MR. JUSTICE FRAZER, April 12, 1920:

Plaintiff sued to recover the purchase price of real estate defendant contracted to buy, by agreement in writing. On a case-stated the court below entered judgment for plaintiff and defendant appealed, alleging as a defense the deed tendered by plaintiff failed to convey a good and marketable title.

Plaintiff's title is derived through the will of her deceased husband wherein he devised his residuary estate, real and personal, to his wife "to have and to hold for her natural life and at her death, should she have any of my estate left, I would will that my adopted daughter, Mabel Kieffer Hege, should have the sum of one thousand dollars, and should there be any balance of my estate it should descend according to the laws of the State of Pennsylvania." Plaintiff contends the language quoted gave her a life estate with power to consume any or all

the principal, and, consequently, the power to sell and convey a good title.

At the time of his death testator owned real estate to the value of approximately $10,000, part of which, including the personalty, was sold for payment of debts, leaving but a small balance in cash in the hands of the administratrix. The selling price of the realty in question is $6,500. Testator died without children. Mabel Kieffer Hege, the person named as legatee, was reared from childhood in testator's family, but had not been legally adopted. The will was probated in 1907 and the agreement for the sale of the property in question was made twelve years later. The sole question for our consideration is whether the widow, under the terms of the will, is authorized to consume the principal of the estate during her lifetime, it being conceded that, if such authority exists, the power to convey the property and pass a good title is necessarily included: Kennedy v. P. & L. E. R. R. 216 Pa. 575, 576; Allen v. Hirlinger, 219 Pa. 56, 60.

While the original devise to testator's wife is for her life, the subsequent language clearly indicates an intent on his part to pass a greater interest. The devise over is not absolute, but contingent upon there being "any of my estate left." The contingency applies not only to the gift of $1,000 to Mabel Kieffer Hege, but also to the residue devised to the heirs at law, after payment of that sum. Both gifts in remainder depend wholly upon a part of the estate remaining unexpended, not at testator's death, but at the time of the widow's decease. The words quoted indicate testator had in mind the thought that his wife might consume the entire estate before her death and possibly no part would remain to pay the legacy and for distribution among the heirs. If power to consume a part or all of the estate was not intended, why should testator make provision for a conditional gift over in case there "should" be "any of my estate left" at the wife's death? Had he intended a gift

for life only no necessity existed for the use of language indicating a doubt as to whether an unused portion would be left, inasmuch as a doubt as to the existence of a balance could be determined at the time of his death, and whatever realty testator owned at that time would necessarily be in existence at the death of his wife, if she were without right to use any part of the corpus. The power to consume, though not formally expressed, must therefore be implied to carry out testator's intention: Beilstein v. Beilstein, 194 Pa. 152; Reisher's Est., 261 Pa. 223, 229.

In Follweiler's Appeal, 102 Pa. 581, relied upon by appellant, the will contained a devise much like the one here in question. That case, however, is clearly distinguishable in one particular feature. There, the gift was of the residuary estate to the testator's wife "to keep and enjoy during her lifetime, and after her death what shall be left shall be divided equally" among the heirs of both testator and his wife. The expression "what shall be left" was relied upon as evidence of an intent on the part of testator to give a power to consume the principal; it was, however, held that nothing more than a life estate passed. It will be observed the language there used implied no contingency and was nothing more than a gift of the remainder. While a gift of "what is left" might well be construed, in connection with other matters, as a gift of a residue after a life tenant had consumed such part of the principal as she desired, standing alone it was insufficient to create an implied power to use the principal, and merely provided a gift of the remainder after the life estate. In the present case the gift of the remainder was not absolute, but clearly contingent, not upon whether there was any portion of the estate left at testator's death, but whether there remained a residue at the death of the life tenant. The gift is not absolute, but dependent upon there being an unused balance. Testator's language clearly implies a power in the life tenant not only to use the income

from the estate, but to consume the principal if she sees fit to do so.

The judgment of the court below is affirmed.