## Long et al. v. Uhl et al.

*Uniform Declaratory Judgments Act—Jurisdiction of Courts of Common Pleas—Orphans' Court—Deed—Will—Act of June 18, 1923.*

1. In a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, where plaintiff claims under a deed or deeds, the Common Pleas, rather than the Orphans' Court, has jurisdiction, although the case involves the proper construction of a will.

*Will—Construction—Devise to widow for life.*

2. Where testator gives the residue of his estate to his wife during life or widowhood, she to receive the income thereof for the support of herself and family and to keep the real estate in proper repair, and directs that after her death the executor shall convert all of the estate not used by the widow and divide the proceeds equally among testator's children, and further directs that the gift to one of the daughters shall be void if she makes any demand against his estate, the widow takes only a life estate in the real estate.

Proceedings under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. C. P. Centre Co., Feb. T., 1926, No. 84.

*N. B. Spangler* and *Ivan Walker*, for plaintiffs; *J. C. Furst*, for defendants.

KELLER, P. J., Sept. 4, 1926.—This is a proceeding under the "Uniform Declaratory Judgments Act" of June 18, 1923, P. L. 840, for the purpose of determining what interest, if any, the defendants have in the premises

Long et al. *v.* Uhl et al.

described in the petition filed, and the case has been submitted to the court for its determination upon petition and answer.

At the outset, we would say that recently our Supreme Court, in Kariher's Petition (No. 1), 284 Pa. 455, in a very learned and comprehensive opinion by Mr. Chief Justice Moschzisker, has decided that this act is constitutional, and that where a real controversy exists which is within the scope of the act, the declaratory judgment is *res judicata* of the points involved. And while the question for our consideration involves the proper construction of a will, yet, by reason of the fact that the plaintiffs claim under a deed or deeds to their wife and mother, respectively, we are of the opinion that the Court of Common Pleas, rather than the Orphans' Court, is the proper tribunal to adjudicate the points involved.

From the pleadings, the following are found as material

### Facts.

1. Christian Uhl, late of Spring Township, Centre County, Pennsylvania, died on May 5, 1884, leaving a will, which was written by the late C. M. Bower, Esq., a former member of this bar, dated April 23, 1884, which was duly proven before the Register of Wills of Centre County, May 17, 1884, and is recorded in said Register's office in Will Book "D," page 249. He was seized at the time of his death of a certain messuage, tenement and lot of ground, situate in Spring Township aforesaid, more fully described in the petition herein.

2. Christian Uhl left to survive him a widow, Nancy A. Uhl, and seven children, viz., John H. Uhl, Catherine Uhl, Emma R. Kerstetter, Sarah E. Uhl, Margaret Uhl, Minnie R. Uhl and Susannah Lambert.

3. Said Christian Uhl's will, so far as it relates to the present issue, provided as follows: "All the rest, residue and remainder of my estate, real, personal and mixed, remaining after payment of all my just debts and funeral expenses, I give and bequeath unto my beloved wife Nancy A. Uhl, to have and to hold the same and receive the income thereof for and during her lifetime or as long as she shall remain my widow, to be used by her for the maintenance and support of herself and family, and to keep the real estate in proper repair. And at her death, or in case she should remarry, I order and direct that my executor hereinafter named sell and convert into money all of my estate not used by my said wife, and I give, devise and bequeath the proceeds thereof unto my children, viz.: *John H. Uhl, Catherine Uhl, Emma R. Kerstetter, Sarah E. Uhl, Margaret Uhl, Minnie R. Uhl* and Susannah Lambert, share and share alike. The above bequest made to Susannah Lambert is to be void in case she shall at any time make any demand against my estate." Daniel Z. Kline was appointed executor of said will, and full power and authority was granted him to carry out the provisions thereof, and to make, execute and deliver proper deeds and conveyances for any and all real estate he might sell.

4. On Dec. 27, 1922, Nancy A. Uhl, widow of Christian Uhl, deceased, executed and delivered unto her daughter, Minnie R. Long (formerly Minnie R. Uhl), a deed for the real estate formerly owned by the said Christian Uhl, deceased, and described in the petition herein, which deed purported to convey said estate in fee simple, and recited as the consideration thereof her support and maintenance for the past thirty-one years by the said grantee, and her indebtedness therefor in the sum of at least $3000, and which said deed was recorded March 27, 1923, in Recorder's office of Centre County aforesaid, in Deed Book No. 128, page 613.

5. Nancy A. Uhl, widow of Christian Uhl, deceased, never remarried and died intestate July 3, 1924, at the home of her daughter, Minnie R. Long.

6. On Dec. 13, 1924, the other living persons having an interest, if any, under the will of Christian Uhl, deceased, and the heirs-at-law of those that were deceased, with the exception of these defendants, executed and delivered unto Minnie Rebecca Long (formerly Uhl), for the consideration of $1 and other good and valuable considerations, a deed for the real estate formerly owned by the said Christian Uhl, deceased, and described in the petition herein, which said deed is not recorded.

7. John Long was the husband and the other plaintiffs are the children, and together are the only heirs-at-law of the said Minnie R. Long (also designated as Minnie Rebecca Long), who was a daughter of said Christian Uhl, and named in his will as "Minnie R. Uhl," and who died intestate May 28, 1925.

8. The defendants, Emma Uhl and Roy Uhl, are the widow and only child of John H. Uhl, who was a son of said Christian Uhl, and named in the latter's will as a legatee, and who died intestate June 11, 1921.

## Discussion.

The question here involved depends upon the proper construction of the will of Christian Uhl, deceased, and the determination of the respective estates given to his wife and children thereunder. Counsel for the plaintiffs contend that Nancy A. Uhl, widow of said Christian Uhl, had the right, under the latter's will, to consume for her support and maintenance the *whole* of her husband's estate, both *realty* as well as personalty, and that she did actually consume the whole of said estate. On the other hand, counsel for the defendants contend that said widow had no such right, but only the right to receive the *income* from the residue of the estate, after the payment of her husband's debts and funeral expenses, for and during her lifetime or so long as she remained his widow. That portion of the will pertinent to the present issue is: "All the rest, residue and remainder of my estate, real, personal and mixed, . . . I *give and bequeath unto my* beloved *wife*, Nancy A. Uhl, to *have and to hold the same, and receive the income thereof for and during her lifetime or as long as she remains my widow*, to be used by her for the maintenance and support of herself and family, *and to keep the real estate in proper repair. And at her death or in case she should remarry*, I order and direct that my executor hereinafter named sell and convert into money *all of my estate not used by my said wife*, and I give, devise and bequeath the proceeds thereof unto my children (naming them), share and share alike. *The above bequest made to Susannah Lambert* (one of the children named) *is to be void in case she shall at any time make any demand against my estate*." It will be noted that said will contains no *express* authority to the widow to *consume* the *corpus* of her husband's estate for her support and maintenance, nor is there any *express* power given her to convey the real estate for a similar purpose. This being evident, is such authority and power *implied* by the testator's *direction to his executor* to sell and convert into money, after the death or remarriage of his widow, all of his estate not used by her, and the equal distribution of the proceeds thereof among his seven children?

In Fox's Appeal, 99 Pa. 382, and in numerous other cases before and since, it has been held by our appellate courts that "every will is to be construed from its four corners to arrive at the true intention of the testator. Decisions upon other wills may assist but cannot control the construction." Applying this rule, what do we have in the present case: The residue and remainder

Long et al. *v.* Uhl et al.

of testator's estate, after payment of debts, given to his wife during life or widowhood, she to receive the income thereof for the support of herself and family and *keeping the real estate in proper repair;* and at his widow's death or remarriage, the sale and conversion by testator's executor of all his estate *not used by her,* and the equal division of the proceeds among his seven children, with the proviso that the bequest to one of them should be void if she made any demand against his estate. What portion of testator's estate was embraced in the words "not used by my said wife?" Manifestly, any part thereof which had been *given to her* and *not used by her,* as well as any part which had *not been given to her at all.* There is no suggestion that he intended her to consume his real estate, but only the income thereof, as part of said income was to be devoted to keeping his real estate in proper repair; moreover, in his distribution of the remainder of his estate among his children after the death or remarriage of his wife, he provided that the bequest to one of them of her share of this remainder should be void in case she made any demand against his estate. It is our opinion, therefore, based upon the testator's intention as expressed in his will, that the widow took but a life interest in the testator's real estate; as to his personalty, under the decisions of our appellate courts, it is probable that she took an absolute estate, or at least had the power to consume the same, although this question is not directly raised in the present proceeding. The plaintiffs admit, and there is no question relative thereto in our mind, that the children of the testator had a vested interest under his will (see Walker's Estate, 277 Pa. 444), the enjoyment of which, in our opinion, was simply postponed until the death or remarriage of his widow.

The various cases cited by plaintiffs' counsel in their very able and comprehensive brief are distinguished from the present one, in that, in those cases, the widow is either *expressly* given the right to consume the principal of the estate if needed for her maintenance, or such right is *necessarily implied* from the wording of the will. In Kennedy *v.* Pittsburgh & Lake Erie R. R. Co., 216 Pa. 575, the widow was given "the privilege to use part of the principal if she should need it," and it was held the power to use the principal meant the power to consume, and necessarily included the power to convey real estate which she had the power to consume. In Allen *v.* Hirlinger, 219 Pa. 56, there was a devise to the widow for life, with an unlimited power to consume. In Richey's Estate, 251 Pa. 324, the widow had a life interest, with power to consume "so much of the principal as she may find necessary for her comfortable maintenance and support." In Morel *v.* Oakley, 253 Pa. 107, there was a devise to the widow for life, and "also the right to use of the principal of my estate in case she needs it, with herself as the sole judge of such need." In Hege *v.* Ickes, 267 Pa. 57, there was a devise to the widow for life, but the remainder over was not absolute, but *contingent* upon whether she should *"have any of my estate left,"* which the court held indicated the testator's intent to give her a greater interest, and *implied* her right to consume and convey real estate in order to carry out such intention. In Houser *v.* Houser, 268 Pa. 401, all testator's property, both real and personal, was given to his widow, *to be used as she sees fit,* for her maintenance as long as she lives or remains my widow;" and in Benedict *v.* Hawthorn et al., 270 Pa. 529, the widow was given a fee, which the court held was not reduced by a subsequent provision, and that, under any circumstances, she had an unlimited power to consume.

The defendants' contention that under Christian Uhl's will his widow took but a life estate in his real estate seems to be sustained by the following cases:

Long et al. v. Uhl et al.

Follweiler's Appeal, 102 Pa. 581; Cox v. Sims, 125 Pa. 522; Heppenstall's Estate, 144 Pa. 259; Taylor v. Bell, 158 Pa. 651; Gross v. Strominger, 178 Pa. 64; Schmid's Estate, 182 Pa. 267; Trout v. Rominger, 198 Pa. 91; Martin v. Heckman, 25 Pa. Superior Ct. 451.

In Follweiler's Appeal, 102 Pa. 581, in which the wording of the will is quite similar to that in this case, a testator devised and bequeathed all his property, real and personal, to his widow, "to keep and enjoy during her lifetime, and after death what shall be left shall be divided equally (among) my heirs and her heirs, share and share alike." *Held*, that the widow took the personalty absolutely, but took a life estate only in the realty.

In Cox v. Sims, 125 Pa. 522, a testator gave to his wife the residue of his estate, real and personal, "to have and to hold the same for and during the whole period of her natural life, and from and immediately after the death of my said wife all the property hereby devised to her as aforesaid, or so much thereof as may remain unexpended, I give, devise and bequeath unto my beloved children (naming them), share and share alike. . . ." *Held*, that the widow took a life estate only in the realty.

In Taylor v. Bell, 158 Pa. 651, testator disposed of the residue of his estate as follows: "To my beloved wife I allow the use as she may deem best the residue of my estate for her own advantage and at her death if any of it remain to be equally divided between my three children, Alexander, John and Alice. If it be necessary to pay my debts and the amount devised to my mother that my real estate will need to be sold, that that is devised to Alice shall be reserved for her." *Held*, that the wife took a life estate in the realty and not a fee.

In view of the foregoing, we have reached the following

### Legal conclusions.

1. Nancy A. Uhl, widow of Christian Uhl, deceased, took a life estate only in the real estate of her husband under the latter's will.

2. Nancy A. Uhl, widow of Christian Uhl, did not have the right, under the latter's will, to consume his real estate for her support and maintenance.

3. Emma Uhl, widow, and Roy Uhl, only child of John H. Uhl, a deceased son of said Christian Uhl, each has a one-fourteenth (1/14th) interest in the real estate owned by said Christian Uhl at the time of his death and described in the petition filed, and which the said Nancy A. Uhl, widow, attempted to convey to Minnie R. Long by deed dated Dec. 27, 1922.

4. That the plaintiffs should pay the costs of this proceeding.

### Judgment.

And now, Sept. 4. 1926, this cause came on to be heard upon petition of the plaintiffs and answer of the defendants, and was argued by counsel, and thereupon, after due consideration thereof, it is ordered and adjudged that the defendants, Emma Uhl and Roy Uhl, each now has and owns an undivided one-fourteenth (1/14th) interest in fee simple in and to all that certain messuage, tenement and lot of ground, situate in the Township of Spring, County of Centre and State of Pennsylvania, bounded and described as follows, to wit, on the north by land now or late of the James Armor Estate; on the east by purpart or lot No, 7; on the south by the public road leading from Bellefonte to Jacksonville, and on the west by lot No. 5; thereon erected a two-story frame dwelling-house, stable and other outbuildings, and being an undivided interest in the real estate owned by Christian Uhl at the time of his death, and

Long et al. v. Uhl et al.

more fully described in the petition filed herein. It is further ordered and adjudged that the plaintiffs pay the costs of this proceeding.

To which order and judgment an exception is noted for the plaintiffs and a bill sealed.                                    From S. D. Gettig, Bellefonte, Pa.