Endsley *v.* Hagey et al., Appellants.

159

Argued May 27, 1930. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles C. Greer,* with him *Harry S. Endsley,* for appellants.—The will violates the rule against perpetuities: Kountz's Est., 213 Pa. 390; List v. Rodney, 83 Pa. 483; Lilley's Est., 272 Pa. 143; Ledwith v. Hurst, 284 Pa. 94; Feeney's Est., 293 Pa. 273; Coggin's App., 124 Pa. 10; Smith's App., 88 Pa. 492; Johnston's Est., 185 Pa. 179; Battenfeld v. Kline, 228 Pa. 91; Severn's Est., 211 Pa. 65; Bergdoll's Est., 258 Pa. 108.

No book for appellee.

Opinion by Mr. Justice Sadler, June 21, 1930:

J. E. Hagey died on April 8, 1920, leaving a will, by which he devised and bequeathed all of his real and personal property to his wife and a daughter named, for their natural lives, subject to the payment of debts and certain small legacies. He directed that his entire net estate,—other than the home and furnishings, reserved alone for the widow,—should be held in trust, with the right of both to use all the income derived during their lifetime, or that of the survivor, with power to sell such part of the real estate as might be needed for their support. Any portion remaining, upon the death of both, was directed to be held in trust until the youngest grandchild reached his twenty-fifth year, when any then living should receive the corpus. In default of such the residue was to pass to others named.

On February 18, 1930, the widow and daughter agreed to sell certain of the real estate to Charles A. Greer for a fixed sum. John H. Endsley, a living grandchild, raised objections to the proposed transfer, denying the right of the life tenants, who had been granted the power to consume, to convey in fee simple, and, in this objection, he was joined by a guardian ad litem, appointed by the court to represent possible contingent remaindermen. The present proceeding was, in effect, a case stated, to determine the right of the grantors to pass title. All interests are represented in this action, which has for its purpose the determination of the right to deed to the purchaser the land involved. It is contended, on behalf of the remainderman, that he has a vested interest in the realty which cannot be thus destroyed, and it was this legal question the court was asked to decide.

By the third clause of the will in question all of the income is given for the benefit of the wife and daughter, and they are expressly empowered to sell if funds are required for their support, a condition which, in their opinion, has now arisen. The unused residue was made

payable to the grandchildren when the youngest reached 25 years, otherwise to next of kin named. It seems clear that the testator's intention was to give a life interest to the proposed grantors, with power to use the principal, if necessary, and to vest the remainder in his grandchildren upon the death of the two beneficiaries first named, converting and dividing what was then unused, when the youngest became twenty-five, with provision over to others described by class if no direct descendants survived.

The residuary estate not disposed of at the expiration of the life tenancy was directed to be held in trust until the youngest grandchild reached the age designated, when the proceeds were to be distributed. There was no postponement, however, of the vesting of the estate beyond a life or lives in being at the death of the testator and twenty-one years thereafter. The estate became fixed in the grandchildren immediately on the termination of the tenancy of the two granted life interests, or, if none, in the sisters, brothers and heirs of the decedent. This disposition did not violate the rule against perpetuities. The right to take the remainder did not depend upon the happening of some contingent event, but passed to persons definitely determined as of the date of the death of the testator. The mere fact that the time of distribution was deferred, or that unborn grandchildren might share, does not alter this conclusion.

"The remainders may be limited to as many persons successively as the devisor thinks proper, but they must all vest during the period fixed by the rule, and, if there is a possibility of the vesting taking place after that period, the rule is violated": Feeney's Est., 293 Pa. 273, 283. All future contingent estates fail if they are not certain to vest within twenty-one years after a life or lives in being at the death of the testator: Gageby's Est., 293 Pa. 109. In the present case, the only grandchildren who could take would be the one living at the time of

testator's death, or those born to the sole living daughter, a life tenant. Should any so come into existence, they would be entitled to share, but such a provision does not violate the rule, for the takers would be determined during the lifetime of the life tenants named: Edwards's Est., 255 Pa. 358. The law favors vested estates, especially where descendants are being provided for (Wengerd's Est., 143 Pa. 615), and if there were doubt here, which there is not, it should be resolved in favor of a vested estate: Wallace's Est., 299 Pa. 333; Walker's Est., 277 Pa. 444.

Primarily, the only remaindermen who could take were the living grandchild and those that might be born to the living life tenant. If all of these died before the expiration of the life estate, then the heirs of testator, living at the time of his death, took the residue, so that only those in esse became entitled to benefit. "It is established with us that, when a remainder following a life estate is given to one's heirs, the heirs living at the death of the testator, and not those at the death of the life tenant, take, unless the will itself contains convincing evidence of a contrary intent": Groninger's Est., 268 Pa. 184, 188; Morris's Est., 270 Pa. 120. It is therefore evident that, if grandchildren took the residue, the rule against perpetuities was not transgressed, nor was it, if none such survived the life tenants, since only the heirs living when the testator died were entitled to share, and all such would be determined as of the date of his death, and the rule therefore had no application. The facts of the case are to be distinguished from those found in Kountz's Est. (No. 1), 213 Pa. 390, relied on by appellant, for there only grandchildren living at the death of the last of testator's children were granted an interest. We then held the devise insufficient because "the existence of a particular grandchild at that future date was a condition precedent to the right to participate in the division of the corpus of the estate." In the

present case, there was a vesting in the grandchild liv-
ing, and such as might be born to the daughter during
her lifetime.

John H. Endsley therefore had a fixed interest in the
remainder, but it does not follow that the life tenants
may not convey the realty, as they now propose, if they
deem this course necessary for their support. By the
third paragraph of the will it was provided, "In case of
sickness or [for] any other cause should said income not
be sufficient to support my wife and daughter and keep
all [real estate] in repairs they or [the] remaining one
[shall] have authority to sell such part of said real es-
tate as may furnish the needed funds." And, by the
fourth, the remainder passing is limited to the amount
unconsumed. It is clear the decedent did not mean to
give the whole estate without restriction, but only such
portion as was found necessary for the comfort and
enjoyment of the life tenants: Chesnut v. Chesnut, 300
Pa. 146.

The extent of the widow's consumption of the estate
was within her own control. Her decision was without
appeal, but it must have been honestly reached in accord-
ance with the purpose the testator intended, and not
merely colorably to defeat his will. She had power to
carry out his intentions by sale, transfer and consump-
tion of the proceeds in such a way as to leave nothing at
her death": Tyson's Est., 191 Pa. 218, 226. If the life
tenants act in good faith, and this is not questioned in
the present case, there was no limit to their right to use
the estate for their support and comfort, and, to effect
this end, had the power to sell and transfer the realty:
Rumsey's Est., 287 Pa. 448; Kidd's Est., 293 Pa. 21;
Kennedy v. P. & L. E. R. R. Co., 216 Pa. 575; Edwards
v. Newland, 271 Pa. 1; Houser v. Houser, 268 Pa. 401.
So long as the life tenants do not deplete the corpus for
the mere purpose of defeating the testator's intention,
"courts will be slow to condemn expenditures as being

contrary to the power granted": Zumbro v. Zumbro, 69 Pa. Superior Ct. 600.

The right to make the sale proposed is given by express terms to the life tenants, who may consume such portion of the proceeds as deemed necessary for their support, and for repairs to any remaining realty, as provided in paragraph three of the will. The balance, if any, will be distributed among those designated by testator as residuary legatees. The court below properly so held, and its decree to this effect should be affirmed. As this proceeding was in reality a case stated, in which all interested joined, asking that specific performance of the contract of sale be directed, the order will be modified so as to effect the result sought.

The decree is modified, and it is directed that Mary N. Hagey and Carrie Elizabeth Hagey Endsley convey in fee simple to Charles A. Greer the premises described in the agreement dated February 18, 1930, upon compliance by the grantee with the terms of sale, the proceeds to be held in trust, with the right of the life tenants to use such part thereof as may from time to time be deemed by them necessary for the purposes set forth in the will of J. E. Hagey; any unusued balance, if any, to be distributed, upon the death of the surviving life tenant, as provided therein. As modified, the decree is affirmed, the costs to be paid from the proceeds of sale.