## Zanich v. Okum et al., Appellants.

Argued March 15, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ.

*Maurice R. Metzger* of *Metzger & Wickersham,* for
appellant. A power to consume implies a power to
convert: Houser v. Houser, 268 Pa. 401; Edward v.
Newland, 271 Pa. 1.

*James G. Hatz,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1933:

Joseph Okum died seized of property located in
Steelton, Pennsylvania. In his last will he provided
inter alia as follows: "I give and bequeath to my be-
loved wife, Annie Okum all my personal estate, in-
cluding household furniture, to have and to hold the

same to her and to her executors, administrators and assigns forever. I also give to her, my said wife, the use, improvement and income of all my real estate whatsoever and wheresoever the same may be at the time of my death, for and during her natural life, and at the death of my said wife, all the real estate hereby devised to her as aforesaid, or so much thereof as may then remain unexpended, I give and devise unto my children viz: Joanna Robuski, Frances Miller and Charles Okum, children of my first wife, now deceased, and Mary Okum, child of my present wife, Annie Okum or any other child or children that may hereafter be born unto us, share and share alike, their heirs and assigns forever.'' Annie Okum, the widow, conveyed the property to William J. Okum, one of the sons. Prior to said conveyance Annie Okum had made an agreement of sale with one Mavretic for the sale of the property, and counsel for the respective parties agreed upon a case stated in order to ascertain whether Annie Okum had a marketable title. Judge Fox decided that she had, but later revoked the decision for the reason that not all the people interested had been made parties to the suit. After Annie Okum's death one of the children brought an action of ejectment for his share in the real estate claiming that Annie Okum took merely a life estate in the premises, and that the deed from her to her son, William J. Okum, was void. The case came before Judge HENRY, specially presiding, who directed a verdict in favor of the defendant following the opinion of Judge Fox, but upon further consideration of the motion for judgment n. o. v. entered judgment in favor of the plaintiff. The question to be decided is: Did the widow, under the above clause of the will, have the right to consume the real estate and, therefore, convey it in fee?

It will be observed that in the first sentence in the particular clause which we are to construe, the testator

gave to his wife all personal estate absolutely. In the next sentence "the use, improvement and income" of all his real estate were given to her for and during her natural life, and at her death all the real estate was to go to decedent's children, except that there was this qualification, "or so much thereof as may remain unexpended.' We must assume that the words "or so much thereof as may remain unexpended" were for a purpose. The words "remain unexpended" imply that when the widow's death occurs, the estate may have been used up, presumably for her support. Judge Fox in the opinion which was filed in the case stated, above referred to, considered that Hege v. Ickes, 267 Pa. 57, 110 Atl. 238, ruled the present case. The language there used was "to have and to hold for her natural life and at her death, should she have any of my estate left, I would will that my adopted daughter should have the sum of one thousand dollars, and should there be any balance of my estate it should descend according to the laws of the State of Pennsylvania." It was held that she had the right to consume the estate.

Judge HENRY in taking the contrary view cites Follweiler's Appeal, 102 Pa. 581, in which case the real and personal property was given and devised to the widow "to keep and enjoy during her lifetime and after her death what shall be left shall be divided equally among my heirs and her heirs, share and share alike," and no right to consume was implied.

Justice FRAZER, now Chief Justice, who wrote the opinion in Hege v. Ickes, supra, refers to Follweiler's Appeal, supra, and his words may be employed in connection with the present discussion: "While a gift of 'what is left' might well be construed, in connection with other matters, as a gift of a residue after a life tenant had consumed such part of the principal as she desired, standing alone it was insufficient to create an

implied power to use the principal, and merely provided a gift of the remainder after the life estate. In the present case the gift of the remainder was not absolute, but clearly contingent, not upon whether there was any portion of the estate left at testator's death, but whether there remained a residue at the death of the life tenant. The gift is not absolute, but dependent upon there being an unused balance. Testator's language clearly implies a power in the life tenant not only to use the income from the estate, but to consume the principal if she sees fit to do so."

In Follweiler's Appeal the real and personal estate were disposed of in one sentence and the court held that the gift of "what shall be left" was intelligible in its relation to the personal property and had no application to the real estate. The same thought had been expressed in Cowles v. Cowles, 53 Pa. 175 and Fox's Appeal, 99 Pa. 382, and was subsequently stated in Taylor v. Bell, 158 Pa. 651, 28 A. 208; Martin v. Heckman, 25 Pa. Superior Ct. 451; and in Cox v. Sims, 125 Pa. 522, 17 A. 465. In the case before us the personal and real estates were separate subjects not disposed of together, and reference to "so much thereof as then remains unexpended" can only apply to the real estate. If we attach any meaning to the above words, it must lead to the conclusion that the widow, who naturally was the chief object of testator's bounty, might convert the real estate and use the proceeds thereof. If we do not apply this meaning, no reason for the insertion of these words remains. There are a number of decisions which hold that the power to consume implies the power to convert: Houser v. Houser, 268 Pa. 401, 112 A. 29; Edwards v. Newland, 271 Pa. 1, 113 A. 742; Allen v. Hirlinger, 219 Pa. 56, 67 A. 907; Eichman v. Wall, 273 Pa. 236, 116 A. 809; Fidelity T. & T. Co. v. Nibozin, 88 Pa. Superior Ct. 113; Fassitt v. Seip, 240 Pa. 406, 87 A. 957; Chesnut

v. Chesnut, 300 Pa. 146, 151 A. 339; Endsley v. Hagy, 301 Pa. 158, 151 A. 799; Kennedy v. P. & L. E. R. R., 216 Pa. 575, 65 A. 1102 and Hege v. Ickes, supra. The power to sell with the right to consume the proceeds does not enlarge the life estate to a fee. Walker's Est., 277 Pa. 444, 449, 121 A. 318, but the right to sell and pass the fee is founded upon the power to consume conferred by the will of the decedent. The power to consume necessarily includes the power to convey: Allen v. Hirlinger, supra. Having in mind the cardinal principle that the intention of the testator should govern, we all are of opinion that the widow had power to consume and consequently to convey.

The judgment of the lower court entered on the motion for judgment n. o. v. is reversed, and the judgment is now entered for the defendants. Appellee to pay the costs.